■ Sentry Insurance Company, Appellant, v Kero-Sun, Inc., Respondent, and Ovation Comfort Sales Company, Defendant and Third-Party Plaintiff-Respondent. Toyotomi Kogyo Co., Ltd., Third-Party Defendant-Respondent, et al., Third-Party Defendants. (And Other Actions.)—In a subrogation action brought by the plaintiff Sentry Insurance Company against the defendant Kero-Sun, Inc., and Ovation Comfort Sales Company, the plaintiff appeals from an order of the Supreme Court, Rockland County (Marbach, J.), dated April 30, 1985, which granted the defendants and the third-party defendant Toyotomi Kogyo Co., Ltd., leave to amend their respective answers, the former as to the plaintiff and the latter as to the defendant and third-party plaintiff Ovation Comfort Sales.

Order affirmed, with costs to third-party defendant-repondent.

As a general rule, leave to amend should be freely given absent prejudice or surprise resulting directly from the delay (CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Scheff v St. John's*

*Episcopal Hosp.,* 115 AD2d 532). The plaintiff does not claim either prejudice or surprise, but argues that the motion should have been denied on the ground that the proposed affirmative defenses have no merit. The established rule, however, is that the legal sufficiency or merits of proposed amendments will not be examined on a motion to amend unless the insufficiency or lack of merit is clear and free from doubt *(see, Norman v Ferrara,* 107 AD2d 739; *Goldstein v Brogan Cadillac Oldsmobile Corp.,* 90 AD2d 512). That is not the case here. Niehoff, J. P., Rubin, Eiber and Kooper, JJ., concur.