■ ELAINE CATHERWOOD et al., Appellants, v AMERICAN STERILIZER Co. et al., Respondents. (Appeal No. 1.)—Order affirmed, without costs, for reasons stated at Special Term, Mintz, J. Memorandum: We add only that the legislative enactment of Laws of 1986 (ch 682), effective July 30, 1986 (CPLR 214-c), not in effect when the matter was before Special Term, does not change the result reached herein.

Doerr and Boomer, JJ., concur; Lawton, J., concurs in the following memorandum.

Lawton, J. (concurring). I concur with the majority's holding and the reasons set forth in Justice Mintz' opinion at Special Term. I add only my concern over judicial recognition of a cause of action on behalf of a newborn for genetic damage. The occurrence which serves as the basis for liability happened to the parent who, if liability can be established, is

entitled to recover for all damages naturally flowing from said occurrence, including genetic injury. No cause of action, however, should accrue to the issue of said person. Many genetic abnormalities pass from generation to generation. Logically, if the second generation is entitled to recovery, so would succeeding generations. The extent and costs of this new cause of action are overwhelming. Such matters cannot be reasonably decided on a case-by-case basis, but rather should be left to the Legislature to fashion relief where appropriate.

Callahan, J. P., and Green, J., dissent and vote to reverse and grant plaintiff's motion in the following memorandum.

Callahan, J. P., and Green, J. (dissenting). We cannot agree that there is no cause of action for an infant for a preconception tort based upon a products liability theory. Accordingly, we would grant plaintiff's motion to amend her complaint to add a cause of action for damages resulting from defendant's alleged failure to warn plaintiff mother of the dangers inherent in her exposure to toxic chemicals at her workplace.

The instant case is different from *Albala v City of New York* (54 NY2d 269). There the court held that New York does not recognize any cause of action for preconception tort based upon negligence. The *Albala* court was concerned with the public policy considerations of extending the parameters of liability in negligence cases and did not address itself to an action based on a products liability theory *(see, Albala v City of New York, supra,* p 274). In a products liability case such as this, however, once a causal relationship has been established, the liability of the manufacturer is extended to the entire class of persons thereby affected regardless of privity, foreseeability or due care *(see, Codling v Paglia,* 32 NY2d 330). The limits of liability in this case can be defined and limited. Plaintiff has alleged that she was exposed to ethylene oxide at her place of employment and that each infant was conceived subsequent to her last date of exposure. Each infant was born with chromosomal damage which the mother alleges was caused by her exposure to the ethylene oxide.

In the event plaintiff is successful in proving a case against defendants, the concerns that the Court of Appeals had in *Albala v City of New York (supra)* would not be present. In the future, if claims are brought against defendants and it can be determined the defendants were responsible for the injuries alleged, they would have no greater liability than if they had put a defective product on the market that physically injured a live human being many years hence *(see, Jorgensen v Meade*

*Johnson Labs.,* 483 F2d 237; *see also,* Prosser and Keeton, Torts § 55, at 368-369 [5th ed], and cases cited therein).

Defendants' argument regarding the Statute of Limitations does not foreclose the infant plaintiffs because the statute may be tolled as to their claim *(see,* CPLR 208; *Bergstreser v Mitchell,* 577 F2d 22, 26).

Accordingly, the order should be reversed and plaintiffs' motion should be granted. (Appeal from order of Supreme Court, Erie County, Mintz, J.—dismiss complaint.) Present— Callahan, J. P., Doerr, Boomer, Green and Lawton, JJ *[See,* 130 Misc 2d 872.]