■ TERENCE W. MURPHY, Respondent, v SALLY CAPONE et al., Appellants.—In an action, *inter alia,* to recover damages for defamation, the defendants appeal from so much of an order of the Supreme Court, Westchester County (Palella, J.), entered July 14, 1989, as granted that branch of the plaintiff's motion which was for leave to serve a third amended verified complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in granting the plaintiff leave to serve a third amended verified complaint *(see, Murray v City of New York,* 43 NY2d 400). As the defendants concede, the amendments the plaintiff sought to make, with the exception of the withdrawal of 6 of the 8 causes of action, were only of "the most minimal and nonsubstantive" nature, and thus it cannot be said that any prejudice to the defendants would arise as a result thereof *(see, Powe v City of Albany,* 130 AD2d 823; *Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204). Additionally, contrary to the defendants' contention, it is not at all clear that the proposed amendments are legally insufficient *(see, Sentry Ins. Co. v Kero-Sun, Inc., supra).* Moreover, we note that the causes of action the plaintiff is asserting in his third amended verified complaint have not heretofore been dismissed. Thus the cases relied upon by the defendants in

support of their assertion that the plaintiff has sought leave to serve a third amended complaint only as a subterfuge to avoid the effect of a prior order of preclusion *(see, Murphy v Capone,* 168 AD2d 436 [decided herewith]), are inapposite, as they involve situations where pleadings have been dismissed and, by their amendments, the movants were seeking to reassert the dismissed pleadings *(see, e.g., Anteri v NRS Constr. Corp.,* 148 AD2d 563). Bracken, J. P., Brown, Kunzeman and Harwood, JJ., concur.