■ ALFONSO JENKINS, Respondent, v MEREDITH AVENUE ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents-Appellants. GEM STEEL ERECTORS, INC., et al., Third-Party Defendants-Appellants-Respondents. [657 NYS2d 916] —In an action to recover damages for personal injuries pursuant to Labor Law § 240 (1), (1) the third-party defendants Gem Steel Erectors, Inc. and Atlas-Gem Erectors, Inc., and the defendants third-party plaintiffs Meredith Avenue Associates and Hamlin Construction Co., separately appeal from a judgment of the Supreme Court, Kings County (Yoswein, J.), entered July 24, 1995, which, upon (a) an order of the same court (Kramer, J.), entered September 23, 1993, granting summary judgment to the plaintiff on the complaint on the issue of liability only, and granting summary judgment to the third-party plaintiffs against the third-party defendants, (b) a jury verdict on the issue of damages, and (c) an order of the same court, dated June 1, 1995, which, *inter alia,* denied the motion by the defendants-third-party plaintiffs pursuant to CPLR 4404

(a) to set aside the jury verdict, is in favor of the plaintiff and against them in the principal sum of $1,280,042 ($100,000 for past pain and suffering, $122,000 for future pain and suffering, $121,420 for past loss of earnings, $126,614 for future lost earnings, $13,500 for past medical expenses, $33,000 for future medical expenses, $678,289 for impairment of earning ability, $45,264 for diminution of pension, $4,995 for past rehabilitation services and $35,000 for future rehabilitation services), and (2) the third-party defendants Gem Steel Erectors, Inc. and Atlas-Gem Erectors, Inc. separately appeal from an order of the same court (Yoswein, J.), entered December 13, 1995, which denied their motion to amend and/or correct the judgment entered July 24, 1995, insofar as it allowed interest from September 23, 1993.

Ordered that the order entered December 13, 1995, is affirmed; and it is further,

Ordered that the judgment entered July 24, 1995, is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for further impairment of earning ability from $678,289 to $0, to reduce the verdict as to damages for future rehabilitation services from $35,000 to $5,000, to reduce the verdict for past loss of earnings from $121,420 to $86,420 and to reduce the verdict for future lost earnings from $126,614 to $89,861, and to the entry of an amended judgment in the total principal amount of $500,000 accordingly. In the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, with costs to the defendants payable by the plaintiff.

This action arises from a construction accident which occurred in August 1990 when the then-43-year-old plaintiff, an ironworker, was employed by the third-party defendant Gem Steel Erectors, Inc. (hereinafter Gem). The construction site was owned by the defendant third-party plaintiff Meredith Avenue Associates (hereinafter Meredith). Hamlin Construction Co. (hereinafter Hamlin), a defendant third-party plaintiff, was the general contractor and construction manager. Hamlin contracted with the third-party defendant Atlas-Gem Erectors, Inc. (hereinafter Atlas-Gem) for the installation of structural steel, and Atlas-Gem, in turn, subcontracted its obligations under the contract to Gem.

The plaintiff was awarded summary judgment pursuant to Labor Law § 240 (1), and the matter proceeded to an assessment of damages. The appellants challenge various aspects of the damages trial, as well as the award to the plaintiff.

The jury's finding that the accident of August 1990 and the injuries which resulted therefrom were causally related to the subsequently-diagnosed meniscal tear was based upon a fair interpretation of the evidence, including the plaintiff's medical expert's testimony (see, Nicastro v Park, 113 AD2d 129).

The appellants argue that the plaintiff should have been collaterally or judicially estopped from seeking damages for injuries which occurred subsequent to the August 1990 accident because of a decision of the Workers' Compensation Board, which found a "causal relationship" between an August 1992 accident and the plaintiff's complaints regarding his left knee. While collateral estoppel applies to administrative as well as judicial proceedings (see, Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17), it has not been established that the plaintiff had a full and fair opportunity to litigate the issue, that it was necessarily decided in the workers' compensation proceeding, or, most importantly, that the Board determined that the plaintiff's meniscal tear was due exclusively to the 1992 incident and not to the 1990 accident (see, Capital Tel. Co. v Pattersonville Tel. Co., supra, at 17-18).

The appellants' contention that the trial court erroneously denied their request for a hearing as to collateral source payments made to the plaintiff is unpreserved for this Court's review (see, Virkler v Shockney, 178 AD2d 966). In any event, the workers' compensation payments which the plaintiff received are specifically excluded from consideration by statute (see, CPLR 4545 [c]; Workers' Compensation Law § 29 [1]), and the record does not support the conclusion that the plaintiff received any benefits from a collateral source which would be deductible from the award.

The award of interest from the date of the liability determination in this bifurcated action was proper (see, Love v State of New York, 78 NY2d 540).

Moreover, Atlas-Gem's claim that it is entitled to indemnification from Gem is not preserved for appellate review inasmuch as Atlas-Gem did not move for such relief before the trial court. It may, however, pursue this claim at the trial level (see, e.g., Denton Leasing Corp. v Breezy Point Surf Club, 133 AD2d 95).

However, we find that the damages awarded for future impairment of earning ability, future rehabilitation services,

and past and future earnings are excessive to the extent indicated because they deviate materially from what would be reasonable compensation under the circumstances of this case *(see,* CPLR 5501 [c]). Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.