■ VICTOR ALEJANDRO, Respondent, v JOHN RIPORTELLA et al., Appellants. (And a Third-Party Action.) [672 NYS2d 412] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Gowan, J.), dated April 30, 1997, which denied their motion for leave to amend their answer to interpose a defense based upon the Workers' Compensation Law and for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, an employee of Unique Painting, was injured when he fell through an unguarded stairwell while performing remodeling work in a private residence owned by the defendants. The defendants sought leave to amend their answer, as-

serting that the plaintiff had been their "special employee" at the time of the accident and therefore was precluded from pursuing this action because he had already received Workers' Compensation benefits through his "general employer", Unique Painting. The Supreme Court denied the motion, finding that the defendants were not entitled to the protection of the Workers' Compensation Law.

Motions for leave to amend pleadings are to be liberally granted absent prejudice or surprise resulting directly from the delay (see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755, 757; Fahey v County of Ontario, 44 NY2d 934, 935; CPLR 3025 [b]). However, "in cases where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied" (Norman v Ferrara, 107 AD2d 739, 740; see, Nissenbaum v Ferazzoli, 171 AD2d 654; DeGuire v DeGuire, 125 AD2d 360). Here, the defendants' proposed defense was clearly without merit, and therefore, it was not an improvident exercise of discretion to deny the defendants leave to amend the answer.

The term "employment" for purposes of coverage by the Workers' Compensation Law is defined as including "employment in a trade, business or occupation carried on by the employer for pecuniary gain" (Workers' Compensation Law § 2 [5]). The statute generally applies to employers carrying on a business for profit (see, Dillon v Trustees of St. Patrick's Cathedral, 234 NY 225) and not to persons who engage laborers to perform work on their private homes (Emmi v Emmi, 186 AD2d 1025; Matter of Empie v Cossart, 259 App Div 941; Matter of Goldberger v Goldberger, 200 App Div 190). Thus, the defendants are not entitled to the protection of the exclusivity provisions of the Workers' Compensation Law. Miller, J. P., Joy, Friedmann and McGinity, JJ., concur.