■ LYDIA SYDNEY, Respondent, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Appellants. (And a Third-Party Action.) [684 NYS2d 894] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated June 8, 1998, which granted the plaintiff's motion to strike their answer unless they produced certain repair and maintenance records within 30 days of service of a copy of the order with notice of entry.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly granted the plaintiff's motion (*see, Herrera v City of New York,* 238 AD2d 475; *Soto v City of Long Beach,* 197 AD2d 615, 616). Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.

■ JOSEPHINE TARANTINI, Respondent, v RUSSO REALTY CORP., Appellant, et al., Defendants. [684 NYS2d 890] —In an action, *inter alia,* to establish title to certain real property by adverse possession, the defendant Russo Realty Corp. appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated June 15, 1998, which denied its motion for leave to amend its answer to interpose as a fifth affirmative defense that the action seeks to deprive it of its rights in the property in violation of its substantive due process rights.

Ordered that the order is affirmed, without costs or disbursements.

Motions for leave to amend pleadings are to be liberally granted absent prejudice or surprise resulting directly from the delay (*see,* CPLR 3025 [b]; *McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935). However, where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied (*see, Alejandro v Riportella,* 250 AD2d 556; *Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204; *Norman v Ferrara,* 107 AD2d 739). Here, the appellant's proposed defense, that the plaintiff's action violates its substantive due process rights under the Federal and State Constitutions, is insufficient as a matter of law, as it failed to identify any government action against it which would involve those rights. Therefore, the motion for leave to amend the answer was properly denied. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.