■ FANDY CORP., Respondent, v LUNG-FONG CHEN, Appellant. [697 NYS2d 90] —In an action, *inter alia*, to recover damages for fraud and breach of fiduciary duty, the defendant appeals from an order of the Supreme Court, Queens County (Berke, J.), dated December 4, 1998, which denied his motion for leave to amend his answer to interpose an affirmative defense of collateral estoppel, and, in effect, to reargue those branches of his prior motion which were to dismiss as time-barred the causes of action to recover damages for actual fraud and breach of fiduciary duty.

Ordered that the appeal from so much of the order as denied that branch of the defendant's motion which was, in effect, to

reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

Motions for leave to amend pleadings are to be liberally granted absent prejudice or surprise resulting directly from the delay (*see,* CPLR 3025 [b]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757; *Fahey v County of Ontario,* 44 NY2d 934, 935). However, where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied (*see, Alejandro v Riportella,* 250 AD2d 556; *Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204; *Norman v Ferrara,* 107 AD2d 739). We find that the defendant's proposed defense of collateral estoppel is totally devoid of merit. It is well settled that collateral estoppel, an equitable doctrine, is invoked when the cause of action in the second matter is different from that in the first action, and applies only to a prior determination of an issue which was actually and necessarily decided in the earlier action and not to those issues which could have been litigated (*see, Mahl v Citibank,* 234 AD2d 348; *Koether v Generalow,* 213 AD2d 379, 380). Two requirements must be met. First, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from litigating the issue must have had a full and fair opportunity to contest the prior determination (*see, D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 665-666; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449, 455; *Gilberg v Barbieri,* 53 NY2d 285, 291; *Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65, 71).

Contrary to the defendant's contention, the issue of whether the plaintiff had the right to rely upon representations made to it by its attorney, the defendant herein, without further investigation (*see, Smith v Smith,* 134 NY 62, 65-66; *Todd v Pearl Woods, Inc.,* 20 AD2d 911, *affd* 15 NY2d 817; *see also, County of Westchester v Becket Assocs.,* 102 AD2d 34, 50-51, *affd* 66 NY2d 642) was not necessarily decided in a prior foreclosure action entitled *Yen-Te Hsueh Chen v Geranium Dev. Corp.* (243 AD2d 708). Therefore, the causes of action alleging actual fraud and breach of fiduciary duty are not barred by collateral estoppel.

One branch of the defendant's motion was denominated as one for leave to renew those branches of his prior motion which were to dismiss as time-barred the causes of action to recover damages for actual fraud and breach of fiduciary duty. It is

well settled that a motion for leave to renew must be supported by new or additional facts which, although in existence at the time of a prior motion, were not known to the party seeking renewal, and, consequently, not made known to the court (*see, Foley v Roche,* 68 AD2d 558, 568; CPLR 2221). Here, the branch of the defendant's motion which allegedly sought renewal was based on this Court's decision and order in *Yen-Te Hsueh Chen v Geranium Dev. Corp.* (*supra*), the substance of which presented neither new nor additional facts not known to the defendant at the time of the original motion. Accordingly, that branch of the defendant's motion was, in effect, for reargument, the denial of which is not appealable (*see, Matter of Brooklyn Welding Corp. v Chin,* 236 AD2d 392; *see also, Hopkins v City of New York,* 248 AD2d 441; *Castellitto v Atlantic & Pac. Co.,* 244 AD2d 379). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.