■ RUSSELL BOMAR et al., Appellants, v JULES V. LANE et al., Respondents. [698 NYS2d 147] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated September 3, 1998, which granted the defendants' motion to amend their answer to interpose four counterclaims.

Order that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendants' motion for leave to amend their answer so as to interpose certain counterclaims. No prejudice or surprise resulted from the delay, and the proposed counterclaims are neither totally devoid of merit nor palpably insufficient as a matter of law (*see, Murray v City of New York,* 43 NY2d 400, 404-405; *Alejandro v Riportella,* 250 AD2d 556, 557; *Tarantini v Russo Realty Corp.,* 259 AD2d 484; *see also, Bay Ridge Lbr. Co. v Groenendaal,* 175 AD2d 94; *Brandes Meat Corp. v Cromer,* 146 AD2d 666, 667; *Puro Filter Corp. v Trembley,* 266 App Div 750). Santucci, J. P., Altman, Friedmann and H. Miller, JJ., concur.

■ VICTOR CALABRESE, Appellant, v MILES GODIN et al., Respondents. [696 NYS2d 874] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golia, J.), dated August 31, 1998, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants' submissions made out a prima facie case that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The evidence which the plaintiff submitted in opposition to the motion failed to raise a triable issue of fact (*see,* CPLR 3212 [b]). S. Miller, J. P., Thompson, Krausman, Florio and Schmidt, JJ., concur.