(March 13, 2000)

■ Alladin Aponte III, Appellant, v Brentwood Union Free School District et al., Respondents. [704 NYS2d 285] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated January 4, 1999, which granted the defendants' motion for leave to amend the answer to assert the affirmative defense of the Statute of Limitations, and to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

While leave to amend a pleading should be freely given (*see,* CPLR 3025 [b]), the decision whether to grant such leave is within the court's discretion (*see, Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959; *Mayers v D'Agostino,* 58 NY2d 696). However, where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied (*see, Tarantini v Russo Realty Corp.,* 259 AD2d 484; *Alejandro v Riportella,* 250 AD2d 556; *Sentry Ins. Co. v Kero-Sun, Inc.,* 122 AD2d 204). Contrary to the defendants' contention, the Statute of Limitations was tolled for the applicable period of infancy even though the infant

plaintiff timely filed a notice of claim pursuant to General Municipal Law § 50-e (*see, Henry v City of New York*, 94 NY2d 275; CPLR 208). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.