■ RICHARD FUCCI, Respondent, v SHELLFISH, INC., Doing Business as SHELLFISH MARINE and Doing Business as CHARLIE HARTS, Defendant and Third-Party Plaintiff. TOWN OF ISLIP, Third-Party Defendant-Appellant. [715 NYS2d 662] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), entered September 16, 1999, as granted that branch of the plaintiff's motion which was to amend the summons and complaint to add it as a defendant, and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was to amend the summons and complaint to add the appellant as a defendant and substituting therefor a provi-

sion denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Motions for leave to amend pleadings are to be liberally granted absent prejudice or surprise resulting from the delay. However, where the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit, leave should be denied (*see, Tarantini v Russo Realty Corp.*, 259 AD2d 484). Under the facts of this case, the plaintiff expressly waived his right to bring a claim under the Jones Act (*see,* 46 USC 688), and therefore, the proposed amendment is devoid of merit (*see,* Workers' Compensation Law § 113; *Matter of Braadt v City of New York*, 15 NY2d 875; *Matter of Ahern v South Buffalo Ry. Co.*, 303 NY 545, *affd* 344 US 367; *Tarantini v Russo Realty Corp., supra*).

The third-party defendant's remaining contention is academic in light of the foregoing. Altman, J. P., Friedmann, Krausman and Smith, JJ., concur.