■ JEFFREY WARNER et al., Respondents-Appellants, v ADELPHI UNIVERSITY et al., Appellants-Respondents. [724 NYS2d 652] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from (1) stated portions of a judgment of the Supreme Court, Nassau County (Cozzens, J.), dated December 10, 1999, and (2) so much of a resettled judgment of the same court, dated June 15, 2000, as, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and upon a jury verdict on the issue of damages awarding the plaintiff Jeffrey Warner the sum of $2,750,000 (including $600,000 for past pain and suffering, $2,000,000 for future pain and suffering, $110,000 for future medical expenses, and $40,000 for past medical expenses), and upon the plaintiffs' stipulation to reduce the award for future medical expenses to $20,000 and the award for past medical expenses to zero, is in favor of the plaintiffs and against them, and the plaintiffs cross-appeal, as limited by their brief, on the ground of inadequacy, from so much of the resettled judgment as failed to award the plaintiff Jeffrey Warner lost wages and awarded him future medical expenses in the amount of only $20,000.

Ordered that the cross appeal by the plaintiff Doris Warner from the resettled judgment is dismissed on the ground that

she is not aggrieved thereby (see, CPLR 5511); and it is further,

Ordered that the cross appeal by the plaintiff Jeffrey Warner from so much of the resettled judgment as awarded him the amount of only $20,000 for future medical expenses is dismissed as he is not aggrieved by that portion of the judgment (see, CPLR 5511); and it is further,

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the resettled judgment; and it is further,

Ordered that the resettled judgment is reversed insofar as reviewed, on the law, the judgment dated December 10, 1999, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial on the issue of all damages except damages for past and future medical expenses, with costs to abide the event. The jury's findings of fact as to liability are affirmed.

The Supreme Court providently exercised its discretion in granting the defendants' motion for leave to amend their answer to include a collateral estoppel defense (see, Bomar v Lane, 265 AD2d 519). However, the Supreme Court properly denied the defendants' motion to dismiss the complaint based on that defense. While a prior administrative decision denying the injured plaintiff "performance of duty disability retirement" precluded the plaintiffs from claiming that the injured plaintiff was disabled as a result of the accident, it did not preclude them from claiming that he was injured (see, Kenny v New York City Tr. Auth., 275 AD2d 639; Fandy Corp. v Lung-Fong Chen, 265 AD2d 450; cf., 9-10 Alden Place v Chen, 279 AD2d 618).

Moreover, the Supreme Court properly denied the plaintiffs' motion for leave to amend their bill of particulars to allege aggravation of a pre-existing condition (see, Danne v Otis El. Corp., 276 AD2d 581). Further, we note that after the Supreme Court denied the plaintiffs' motion for leave to amend their bill of particulars, the plaintiffs improperly served an amended complaint which did allege such injury. Thereafter, however, the plaintiffs elected instead to proceed on their original complaint. Therefore, the plaintiffs cannot now complain that they should have been allowed to prove that injury.

Additionally, the instructions given to the jury on the issue of the parties' respective burdens of proof were adequate (cf., Torem v 564 Cent. Ave. Rest., 133 AD2d 25).

The Supreme Court erred, however, in refusing to allow the

defendants to introduce the testimony of Dr. Zimba, a physician who had treated the injured plaintiff. The defendants were not required to provide prior notice of his testimony pursuant to CPLR 3101 (d) (*see, Krinsky v Rachleff,* 276 AD2d 748; *Mantuano v Mehale,* 258 AD2d 566). Accordingly, the defendants are entitled to a new trial as to damages insofar as indicated.

The parties' remaining contentions are either without merit or need not be reached in light of our determination. Altman, J. P., Krausman, Luciano and Cozier, JJ., concur.