■ BARCO AUTO LEASING CORP. et al., Appellants-Respondents, v GRANT THORNTON, LLP, Respondent-Appellant. [751 NYS2d 204] —In an action, inter alia, to recover damages for professional malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCarty, J.), entered June 29, 2001, as granted the defendant's motion for summary judgment dismissing the second and third causes of action and denied their cross motion for leave to amend the complaint, and the defendant cross-appeals from so much of the same order as denied that branch of its separate motion which was for an award of an attorney's fee and to impose a sanction.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, that branch of the defendant's separate motion which was for an award of an attorney's fee and the imposition of a sanction pursuant to 22 NYCRR 130-1.1 is granted to the extent of imposing a sanction in the sum of $10,000 upon the plaintiffs, to be deposited with the Clerk of the Supreme Court, Nassau County, for transmittal to the Commissioner of Taxation and Finance, and awarding $27,739.95 as a reasonable attorney's fee and costs to the defendant; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court properly awarded the defendant summary judgment dismissing the second and third causes of action (see *Estate of Burke v Repetti & Co.*, 255 AD2d 483; *Zylinski v Garito Contr.*, 268 AD2d 427; *Gantt v County of Nassau*, 234 AD2d 338) and properly denied the plaintiffs' motion for leave to amend the complaint. However, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant's motion which was to impose a sanction, and to award a reasonable attorney's fee and costs to the defendant, pursuant to 22 NYCRR 130-1.1.

The plaintiffs' claim that they suffered damages as a result of the defendant's resignation from an auditing engagement, which allegedly injured the plaintiff Condor Capital Corp.'s relationship with a lender, was contradicted by the deposition testimony of the plaintiffs' principal, as well as by the lender's deposition testimony and documents produced in connection with the motion. In addition, in response to the defendant's proper request, the plaintiffs initially represented that they had produced all documents responsive to certain categories of documents the defendant sought. Months later, an employee of the plaintiff Barco Auto Leasing Corp. who was familiar with the relevant documents indicated at her deposition that responsive documents existed that had not been produced in compliance with the defendant's request. Further, the witness admitted that she had thrown away other papers, despite the fact that they were responsive to the defendant's outstanding document demand.

On appeal, the plaintiffs argue for the first time that the defendant received many of the requested records prior to the commencement of this action, in the normal course of its engagement as the plaintiffs' auditor. Thus, as the plaintiffs maintain, the defendant should not be heard to complain that the plaintiffs subsequently did not produce the same documents in discovery.

Under the circumstances of this case, the record supports the conclusion that the plaintiffs asserted baseless claims in this action. Moreover, they confused and delayed the defendant's legitimate attempt to conduct discovery, inter alia, to avoid furnishing certain documentation tending to show the plaintiff Barco Auto Leasing Corp.'s commission of state sales tax fraud.

At a minimum, the plaintiffs' assertion of baseless claims and their conduct in discovery was "completely without merit in law," and "undertaken primarily to delay or prolong the res-

olution of the litigation," and therefore constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1. (*see Tyree Bros. Envtl. Servs. v Ferguson Propeller,* 247 AD2d 376; *Mancini v Mancini,* 245 AD2d 519; *Matter of Gordon v Marrone,* 202 AD2d 104). We find that $10,000 is an appropriate sanction and $27,739.95 is a reasonable attorney's fee and costs figure for the conduct at issue, based on counsel's affidavit, which appears in the record.

The plaintiffs' motion for leave to amend the complaint was properly denied, since the proposed amendment was devoid of merit (*see* CPLR 3025 [b]; *Silverite Constr. Co. v Town of N. Hempstead,* 285 AD2d 456; *Fucci v Shellfish, Inc.,* 277 AD2d 280; *Fandy Corp. v Lung-Fong Chen,* 265 AD2d 450, 451). Florio, J.P., Friedmann, H. Miller and Crane, JJ., concur.