■ SHEILA PISANO et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [757 NYS2d 447] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ruchelsman, J,), entered May 9, 2002, which granted the defendants' application to dismiss the complaint.

Ordered that on the court's own motion, the plaintiffs' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The plaintiff Shelia Pisano (hereinafter the plaintiff), a New York City schoolteacher, allegedly was injured when she slipped and fell inside the school where she was working. The Medical Board of the New York City Board of Education (hereinafter the Medical Board) determined that the plaintiff was not entitled to a "line of duty" injury status. Thereafter, in accordance with her collective bargaining agreement, the plaintiff requested a medical review by an independent medical arbitrator. This arbitrator concluded that the Medical Board acted correctly in rejecting the plaintiff's accident as the cause of her disability. The plaintiff then commenced a proceeding pursuant to CPLR article 75 to vacate the arbitrator's determination. The Supreme Court rejected the petition and dismissed the proceeding. Thereafter, the plaintiff and her husband commenced this action to recover damages for personal injuries, and the parties proceeded to trial. However, after the jury had been selected, the Supreme Court granted the defendants' application to dismiss the complaint on the ground of collateral estoppel. We affirm.

The Supreme Court properly concluded that the plaintiffs were collaterally estopped from pursuing their negligence action based upon the prior determination by the Medical Board that the plaintiff's alleged disability was not caused by her accident (*see Brugman v City of New York,* 64 NY2d 1011 [1985]; *see also Abiele Contr. v New York City School Constr. Auth.,* 91 NY2d 1 [1997]; *Werner v State of New York,* 53 NY2d 346 [1981]; *Sampson v Board of Educ. of City of N.Y.,* 191 AD2d 283 [1993]).

The plaintiffs' remaining contentions are without merit. Ritter, J.P., Santucci, Smith and Luciano, JJ., concur.