SECOND DEPARTMENT, OCTOBER, 2003

(October 6, 2003)

■ AYW NETWORKS, INC., Appellant, v TELEPORT COMMUNICATIONS GROUP, INC., et al., Respondents. [765 NYS2d 379] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered March 31, 2003, as denied its motion for leave to, among other things, amend its causes of action alleging tortious interference with a contract and to recover damages for breach of contract.

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was for leave to amend its first four causes of action to recover damages for breach of contract and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

Although ordinarily leave to amend a complaint should be freely given absent prejudice or surprise resulting from the delay (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York,* 60 NY2d 957, 959 [1983]; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519 [2001]), leave should be denied if the proposed amendment is palpably insufficient as a matter of law or is totally devoid of merit (*see Tarantini v Russo Realty Corp.,* 273 AD2d 458 [2000]; *Alejandro v Riportella,* 250 AD2d 556 [1998]).

In the present case, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to amend its causes of action alleging tortious interference with a contract since the proposed amendments were clearly devoid of merit (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413 [1996]; *Foster v Churchill,* 87 NY2d 744 [1996]; *Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d 682 [1969]).

However, the Supreme Court improperly denied that branch of the plaintiff's motion which was for leave to amend its first four causes of action to recover damages for breach of contract. The defendant did not demonstrate prejudice or even oppose that branch of the plaintiff's motion. Therefore, leave should have been granted.

The parties remaining contentions are without merit. Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.