In two related actions to recover damages for personal injuries, etc., Alyssa Pfleging and William Pfleging, plaintiffs in both actions, appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered August 13, 2002, as denied that branch of their motion which was for leave to amend the complaint in Action No. 1 to allege the applicability of 42 USC § 9658 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 USC § 9601 et seq.), as amended, against the defendant International Business Machines Corporation.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff William Pfleging was employed by the defendant International Business Machines Corporation (hereinafter IBM) from 1973 until 1976 at the IBM facility in East Fishkill, New York. In the course of his employment there, William allegedly was exposed to a variety of toxic chemicals commonly used in the manufacturing of semiconductor chips. His daughter, the plaintiff Alyssa Pfleging, was born on December 24, 1974, with severe birth defects. Based upon their claim that Alyssa’s birth defects were caused by William’s chemical exposure while employed by IBM, on August 13,1996, William and Alyssa (hereinafter the plaintiffs) and others commenced Action No. 1 against IBM and the companies that produced and distributed the chemicals, alleging causes of action sounding, inter alia, in negligence, strict products liability, and loss of services. On October 2, 1997, Action No. 2 was commenced against additional chemical manufacturing companies.
*340 By order entered June 27, 2001, the Supreme Court granted the defendants’ joint motion for summary judgment dismissing the complaints in both actions insofar as asserted by the plaintiffs as barred by the relevant New York statute of limitations (see CPLR 214-c). By. order entered November 27, 2001, the Supreme Court denied the plaintiffs’ motion for leave to reargue or to amend the complaints in both actions to add allegations that IBM released hazardous chemicals into the environment from its East Fishkill facility. The plaintiffs thereby sought to obtain the benefit of 42 USC § 9658 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 (42 USC § 9601 et seq.; hereinafter CERCLA), as amended by the Superfund Amendments and Reauthorization Act of 1986, which preempts the accrual date for state law toxic tort actions based upon exposure to hazardous substances. That branch of the plaintiffs’ motion which was for leave to amend was denied on the ground that the plaintiffs failed to include an affidavit of merit in their initial moving papers. The plaintiffs again moved for leave to amend their complaints in both actions to add the same allegations. By order entered August 13, 2002, the Supreme Court treated the motion as, in effect, one for leave to renew the prior summary judgment motion, granted renewal, and upon renewal, denied that branch of the motion which was for leave to amend on the ground that their allegations did not come within the purview of CERCLA and, even if they did, their claims were still time-barred. The plaintiffs appeal from the August 13, 2002, order only insofar as the Supreme Court denied leave to amend the complaint in Action No. 1 to assert CERCLA claims against IBM. We affirm, albeit for different reasons than those stated by the Supreme Court.
As a threshold matter, IBM contends that this appeal should be dismissed based upon the dismissals by this Court of the plaintiffs’ appeals from orders of the same court dated June 27, 2001, and November 27, 2001, for failure to prosecute (see 22 NYCRR 670.8 [h]). As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal from an order which was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750 [1999]; Bray v Cox, 38 NY2d 350 [1976]). The main issue raised on this appeal—the sufficiency of the proposed amended complaint—could not have been raised on either of the appeals from the June 27, 2001, or November 27, 2001, orders. Accordingly, that issue is properly before us. However, to the extent that the plaintiffs also seek review of the June 27, *341 2001, and November 27, 2001, orders, this Court will not, under the circumstances of this case, consider any issues that could have been raised on those prior appeals (see Rubeo v National Grange Mut. Ins. Co., supra; Bray v Cox, supra).
Turning to the merits, the proposed amended complaint essentially alleges that William Pfleging carried out of the workplace and surrounding area hazardous substances on his clothing and within his body to which his wife and daughter in útero were exposed. Even assuming that 42 USC § 9658 applies so as to render the plaintiffs’ claims timely, the proposed amended complaint fails to state a cognizable cause of action against IBM under either common-law negligence or strict products liability (see Widera v Ettco Wire & Cable Corp., 204 AD2d 306 [1994]; see also Enright v Lilly & Co., 77 NY2d 377 [1991], cert denied 502 US 868 [1991]; Catherwood v American Sterilizer Co., 130 Misc 2d 872 [1986], affd on op below 126 AD2d 978, 980 [1987]). Since 42 USC § 9658 does not create a separate federal cause of action (see In re Pfohl Bros. Landfill Litig., 68 F Supp 2d 236, 248 [1999], vacated and remanded on other grounds sub nom. Freier v Westinghouse Elec. Corp., 303 F3d 176 [2002], cert denied — US —, 123 S Ct 1899 [2003]), leave to amend must be denied, as there is no merit to the proposed amendment (see Tarantini v Russo Realty Corp., 273 AD2d 458, 459 [2000]; Alejandro v Riportella, 250 AD2d 556, 557 [1998]).
In light of the foregoing, it is unnecessary to address the parties’ remaining contentions. Altman, J.P, Florio, Friedmann and Mastro, JJ., concur.