■ DAWN J. WESCHE, Appellant, v EDWARD WESCHE, Respondent. FOSTER & VANDENBURGH, LLP, Nonparty Appellant. [859 NYS2d 231]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Bivona, J.), dated April 11, 2007, as granted those branches of the defendant's cross motion which were to strike certain paragraphs from her notice of discovery and inspection dated December 11, 2006, and to strike her interrogatories dated December 11, 2006, and the nonparty Foster & Vandenburgh, LLP separately appeals from so much of the same order as granted that branch of the defendant's cross motion which was for an award of an attorney's fee against it, in the sum of $2,500, pursuant to 22 NYCRR 130-1.1.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting that branch of the defendant's cross motion which was to strike the plaintiff's interrogatories dated December 11, 2006. The interrogatories consisted of 25 pages, with 56 questions, many of which had multiple subparts. If the subparts are included, the total number of questions was more than 280. The interrogatories were patently burdensome, oppressive, and improper (see Stever v Stever, 10 AD3d 358, 359 [2004]; Botsas v Grossman, 7 AD3d 654, 655 [2004]; EIFS, Inc. v Morie Co., 298 AD2d 548, 549 [2002]). Furthermore, the interrogatories were in violation of an earlier order of the Supreme Court, which, inter alia, based on the plaintiff's service of a previous, and similarly burdensome set of interrogatories, directed the plaintiff to resubmit a proper and relevant set of interrogatories not to exceed 35 questions including subparts, and to prune her then extant notice for discovery and inspection to request only the defendant's personal financial information. No appeal was taken from the latter order, and the plaintiff violated both of the court's directives contained therein. Accordingly, portions of the notice of discovery and inspection were properly stricken for this reason as well.

In addition, the Supreme Court providently exercised its discretion in granting that branch of the defendant's cross motion which was for an award of an attorney's fee against Foster & Vandenburgh, LLP (hereinafter F & V). Contrary to F & V's contention, since the defendant expressly requested in his cross motion papers, inter alia, an award of an attorney's fee pursuant to 22 NYCRR 130-1.1, and F & V was offered an opportunity to be heard and to oppose the motion, a hearing was not required (see 22 NYCRR 130-1.1 [d]; RCN Constr. Corp. v Fleet

*Bank, N.A.,* 34 AD3d 776 [2006]). Furthermore, the court properly found that F & V engaged in frivolous conduct by ignoring the discovery directives contained in the prior court order (*see* 22 NYCRR 130-1.1 [c]). Although the court did not state why the award of an attorney's fee in the sum of $2,500 was appropriate, we note that it is a reasonable figure, based on the affirmation of the defendant's attorney, which appears in the record (*see Barco Auto Leasing Corp. v Thornton,* 298 AD2d 341 342-343 [2002]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.