In an action to recover on certain promissory notes, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered August 5, 2008, as denied their motion for an award of costs and to impose a monetary sanction against the defendants’ former attorneys pursuant to 22 NYCRR 130-1.1.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the plaintiffs’ contention, the Supreme Court providently exercised its discretion in denying their motion for an award of costs and to impose a monetary sanction upon the defendants’ former attorneys (hereinafter the nonparty respondents) (see Davey v Davey, 44 AD3d 701 [2007]; Nieves v City of New York, 35 AD3d 557 [2006]; Riley v ISS Inti. Serv. Sys., 304 AD2d 637 [2003]). The record supports the Supreme Court’s conclusion that the nonparty respondents did not engage in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (c) (2) (see Glenn v Annunziata, 53 AD3d 565, 566 [2008]; Beatie v DeLong, 164 AD2d 104, 107-109 [1990]; Dillenberger v 74 Fifth *965 Ave. Owners Corp., 155 AD2d 327 [1989]; cf. Yan v Klein, 35 AD3d 729, 729-730 [2006]; O’Neill v Ho, 28 AD3d 626, 627 [2006]; Jacobs v Macy’s E., Inc., 17 AD3d 318, 320 [2005]; Curdo v Hogan Coring & Sawing Corp., 303 AD2d 357, 358-359 [2003]; Barco Auto Leasing Corp. v Thornton, 298 AD2d 341 [2002]). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur. [Prior Case History: 19 Misc 3d 1139(A), 2008 NY Slip Op 51069(U).]