█ MICHAEL DACEY, Respondent, v CITY OF NEW YORK, Appellant. [5 NYS3d 875]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Landicino, J.), dated July 24, 2013, which denied its motion pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as sought to recover damages for disability, lost earnings, and lost benefits.

Ordered that the order is affirmed, with costs.

On July 23, 2002, while working as a detective in the New York City Police Department, the plaintiff allegedly fell on a step on an interior staircase in the One Marine Terminal Building in Brooklyn, and reinjured his left knee. The plaintiff alleged that the defendant was negligent in failing to provide adequate lighting and proper handrails for the subject staircase. The defendant moved pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint as sought to recover damages for disability, lost earnings, and lost benefits, on the basis of collateral estoppel. The defendant argued that, in a prior administrative proceeding, the Medical Board of the Police Pension Fund determined that the plaintiff's alleged disability was caused by previous line-of-duty injuries, and not the subject accident. The Supreme Court denied the defendant's motion.

Contrary to the defendant's contention, it failed to establish that the issue in the present action is identical to that "necessarily decided" in the prior proceeding, and that the plaintiff was accorded a full and fair opportunity to contest the issue in that proceeding (see generally Allied Chem. v Niagara Mohawk Power Corp., 72 NY2d 271, 276 [1988]). Accordingly, the Supreme Court properly denied the defendant's motion (see Warner v Adelphi Univ., 283 AD2d 486 [2001]; Kenny v New York City Tr. Auth., 275 AD2d 639, 640 [2000]; Jenkins v Meredith Ave. Assoc., 238 AD2d 477 [1997]; compare Pisano v New York City Bd. of Educ., 303 AD2d 735 [2003]; Safchik v Board of Educ. of City of N.Y., 158 AD2d 277 [1990]; Brugman v City of New York, 102 AD2d 413 [1984], affd 64 NY2d 1011 [1985]).

The defendant's remaining contention is without merit. Mastro, J.P., Austin, Cohen and Barros, JJ., concur.