■ DONALD ROZZ, Appellant, v LAW OFFICES OF SAUL KOBRICK, P.C., et al., Respondents, et al., Defendant. [21 NYS3d 897]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Murphy, J.), entered September 26, 2013, which, inter alia, granted the separate motions of the defendant Riesterer's Bakery, Inc., and the defendant NHPI, LLC, which were for a protective order striking the plaintiff's first set of interrogatories, document demands, and requests to admit, and the motion of the defendant Law Offices of Saul Kobrick, P.C., which was for a protective order striking the plaintiff's first set of interrogatories and requests to admit.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff seeks to recover damages for the dental injuries he sustained when he bit down upon a "hard deleterious substance" while eating a bagel at an event sponsored by the defendant Law Offices of Saul Kobrick, P.C. (hereinafter the firm), held at a facility owned by the defendant NHPI, LLC (hereinafter NHPI). The bagel was made by the defendant Riesterer's Bakery, Inc. (hereinafter the bakery). After joinder of issue, the plaintiff served the bakery with a set of interrogatories containing 95 questions with several subparts, a demand for documents containing 20 demands, and a request to admit containing 95 requests. The plaintiff served the firm with a set of interrogatories containing 131 questions, with several subparts, and a request to admit containing 91

requests. The plaintiff served NHPI with a set of inter-rogatories containing 121 questions, with several subparts, a demand for documents containing 26 demands, and a request to admit containing 97 requests. Each of those defendants moved for a protective order, and the Supreme Court granted the motions.

The Supreme Court providently exercised its discretion in striking the plaintiff's interrogatories, document demands, and notices to admit (*see Wesche v Wesche*, 51 AD3d 909 [2008]; *Berg v Flower Fifth Ave. Hosp.*, 102 AD2d 760 [1984]).

The plaintiff's remaining contentions are without merit. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.

Motion by the defendant NHPI, LLC, to dismiss an appeal from an order of the Supreme Court, Nassau County, entered September 26, 2013, on the ground that the appendix is inadequate and does not comply with the rules of this Court, and to strike the appellant's brief on the ground that it contains "scandalous statements and accusations against [its] counsel." By decision and order on motion of this Court dated December 22, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Leventhal, J.P., Roman, Hinds-Radix and Barros, JJ., concur.