MICHAEL MELENDEZ et al., Respondents, v PATRICK MC-CROWELL et al., Appellants, et al., Defendants. [32 NYS3d 604]—

In an action to recover damages for personal injuries, etc., the defendants Patrick McCrowell and Marten Transport, Ltd., appeal from an order of the Supreme Court, Rockland County (Berliner, J.), dated July 7, 2015, which denied their motion, in effect, for summary judgment dismissing the amended complaint insofar as asserted against them and granted the plaintiffs' cross motion for summary judgment on the issue of liability insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs allege that the plaintiff Michael Melendez (hereinafter the injured plaintiff), while driving a pickup truck owned by his employer during the course of his employment, was involved in a motor vehicle accident with a tractor-trailer on Interstate 87 in Rockland County. The tractor-trailer was operated by the defendant Patrick McCrowell and owned by McCrowell's then-employer, the defendant Marten Transport, Ltd. (hereinafter together the appellants).

The injured plaintiff applied for workers' compensation benefits from his employer's workers' compensation carrier. In its determinations, dated July 31, 2012 and September 5, 2012, respectively, the Workers' Compensation Board found that the injured plaintiff sustained a work-related injury to his back and neck and experienced related posttraumatic headaches as a result of his work-related injury. The Workers' Compensation Board noted that the injured plaintiff had returned to work within the week and determined that, at that time, there was either no evidence or insufficient evidence that the injured plaintiff sustained a permanent restriction or loss of use as a result of the accident.

In July 2013, the injured plaintiff, and his wife suing derivatively, commenced this action against the appellants and others to recover damages, inter alia, for personal injuries. After discovery was complete, the appellants moved, in effect, for summary judgment dismissing the amended complaint insofar as asserted against them. They argued, relying on the Workers' Compensation Board determination, that, pursuant to the doctrine of collateral estoppel, the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. In addition to opposing the appellants' motion, the plaintiffs cross-moved for summary judgment on the issue of liability against the appellants. The Supreme Court denied the appellants' motion and granted the plaintiffs' cross motion.

"The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a

party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (*Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246, 255 [2013]). "Whether collateral estoppel should be applied in a particular case turns on 'general notions of fairness involving a practical inquiry into the realities of the litigation' " (*id.* at 255, quoting *Jeffreys v Griffin*, 1 NY3d 34, 41 [2003] [internal quotation marks omitted]). Contrary to the appellants' contention, they failed to establish that the issue in this action is identical to that necessarily decided in the prior proceeding by the Workers' Compensation Board or that the plaintiffs were accorded a full and fair opportunity to contest the issue in that proceeding (*see Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d at 255; *Jenkins v Meredith Ave. Assoc.*, 238 AD2d 477, 479 [1997]; *see also Dacey v City of New York*, 127 AD3d 1010, 1010 [2015]). In this action, the plaintiffs alleged that the injured plaintiff sustained an acquired traumatic brain injury in the nature of a concussive brain injury as a result of the accident, an injury which was not an issue raised before or considered by the Workers' Compensation Board.

With respect to the plaintiffs' cross motion, "[w]hen the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 769 [2014]; *see Gallo v Jairath*, 122 AD3d 795, 796 [2014]; *Taing v Drewery*, 100 AD3d 740, 741 [2012]).

A plaintiff in a personal injury action who moves for summary judgment on the issue of liability has the burden of establishing, prima facie, both that the defendant was negligent and that he or she was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Matos v Tai*, 124 AD3d 848 [2015]; *France Herly Bien-Aime v Clare*, 124 AD3d 814, 814 [2015]). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Whelan v Sutherland*, 128 AD3d 1055, 1056 [2015]; *see Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008]; *Brothers v Bartling*, 130 AD3d 554, 555 [2015]).

Here, the plaintiffs established their prima facie entitlement

to judgment as a matter of law by submitting McCrowell's deposition testimony, the injured plaintiff's deposition testimony, and the injured plaintiff's affidavit, which demonstrated that the injured plaintiff's vehicle was stopped in heavy traffic when it was struck in the rear by the appellants' vehicle (*see Gutierrez v Trillium USA, LLC*, 111 AD3d 669, 671 [2013]; *Jumandeo v Franks*, 56 AD3d 614, 614 [2008]; *Vecchio v Hildebrand*, 304 AD2d 749, 750 [2003]).

In opposition, the appellants failed to raise a triable issue of fact. McCrowell's statement in his affidavit that the injured plaintiff brought his vehicle to a stop at least 150 feet behind the stopped vehicle in front of him did not adequately rebut the inference of negligence given McCrowell's deposition testimony that he was able to bring his vehicle to a stop behind the injured plaintiff's vehicle on two occasions prior to the accident in heavy stop-and-go traffic without incident during the one minute that the injured plaintiff was traveling in front of McCrowell's vehicle (*see Hackney v Monge*, 103 AD3d 844, 845 [2013]; *Taing v Drewery*, 100 AD3d at 741; *Shamah v Richmond County Ambulance Serv.*, 279 AD2d 564, 565 [2001]). Even if the injured plaintiff's vehicle came to a sudden stop, "vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her car and the car ahead" (*Shamah v Richmond County Ambulance Serv.*, 279 AD2d at 565).

The appellants' remaining contentions are either without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court properly denied the appellants' motion and granted the plaintiffs' cross motion. Mastro, J.P., Rivera, Austin and LaSalle, JJ., concur.