William R. MULCAHEY,
Plaintiff–Appellant,

v.

James MULRENAN, in his official and individual capacity, Lawrence Benson, in his official and individual capacity, and Salvatore Cassano, in his official an individual capacity, Defendants–Appellees.

No. 08–0594–cv.

United States Court of Appeals, Second Circuit.

March 31, 2009.

James Brian Lebow, Esq., LeBow & Associates, PLLC, New York, NY, for appellant.

Stephen J. McGrath, Of Counsel, Corporation Counsel of the City of New York, (Michael A. Cardozo, Corporation Counsel, Alan Beckoff, Assistant Corporation Counsel, Mario G. Frangiose, Of Counsel, on the brief), New York, NY, for Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Circuit Judge and Hon. PAUL A. CROTTY,[1] District Judge.

### SUMMARY ORDER

Plaintiff–Appellant William R. Mulcahey ("Mulcahey") appeals from an order and judgment of the United States District Court for the Southern District of New York (Sand, *J.*) granting summary judgment in favor of Defendants–Appellees. *Mulcahey v. Mulrenan,* No. 06 Civ. 4371(LBS), 2008 WL 110949 (S.D.N.Y. Jan.3, 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented on appeal.

We review the district court's summary judgment decision *de novo. Roe v. City of Waterbury,* 542 F.3d 31, 35 (2d Cir.2008). Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c).

Mulcahey, a retired New York City Fire Department ("FDNY") captain, brought this action pursuant to 42 U.S.C. § 1983 against Defendants–Appellees, his former FDNY supervisors. Mulcahey claims Defendants–Appellees retaliated against him in violation of his First and Fourteenth Amendment rights after he stated in a memorandum that he lacked the training and qualifications to serve as "acting battalion chief" of a fire unit, and that he would not "accept any responsibility for actions or decisions that may cause injury or death to civilians or members of [the fire department]" while serving in such capacity.

To demonstrate a *prima facie* First Amendment retaliation claim, a plaintiff must show (*inter alia* ) that his speech was constitutionally protected. *Gronowski v. Spencer,* 424 F.3d 285, 292 (2d Cir.2005). A public employee's speech is constitutionally protected when he speaks "as a citizen on a matter of public concern." *Garcetti v. Ceballos,* 547 U.S. 410, 418, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). However, "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421, 126 S.Ct. 1951.

Mulcahey's First Amendment retaliation claims were properly dismissed because his speech was not constitutionally protected. As Judge Sand held, Mulcahey was not speaking "as a citizen on a matter of public concern" when he circulated his August 2004 memorandum disavowing responsibility for his actions. *See id.* at 418, 126 S.Ct. 1951. Mulcahey's memorandum amounts to a refusal to perform an official duty; the fact that one of the stated reasons for the request touches upon the training and preparedness of the FDNY neither converts the memo into private speech nor evinces a "broader public purpose." *Ruotolo v. City of New York,* 514 F.3d 184, 189 (2d Cir.2008) (internal quotations and citations omitted). Instead, the memo was clearly written in the performance of official duties and was "calculated to redress personal grievances." *Id.* (internal quotations and citations omitted). Under those circumstances, the speech is not constitutionally protected and Mulcahey's First Amendment claims fail as a matter of law.

1. The Honorable Paul A. Crotty, District Judge, United States District Court for the Southern District of New York, sitting by designation.

Mulcahey argues that the determination as to whether his speech was made pursuant to the performance of official duties should have been reserved for the fact-finder. Summary judgment is appropriate if "there is no genuine issue as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Mulcahey admits that the memo is an administrative request for an exemption from an official duty and the memo itself says as much: it is titled "Exemption From Duty As Acting Battalion Chief." Under *Garcetti*, a request for a personal exemption from an official duty is clearly an administrative act made in the course of public employment. *See Garcetti*, 547 U.S. at 421, 126 S.Ct. 1951 ("The controlling factor ... is that his expressions were made pursuant to his [public] duties....."). It was not inappropriate for Judge Sand to conclude as much as a matter of law.

For the reasons stated above, and those stated by the district court in its Memorandum and Order entered January 4, 2008, we hereby **AFFIRM** the judgment of the district court.