■ ANDRZEJ MALMON et al., Plaintiffs, v EAST 84TH APARTMENTS CORP. et al., Defendants. CONCORD RESTORATION, INC., Third-Party Plaintiff-Respondent, et al., Third-Party Plaintiff, v MARBLE UNIQUE, LLC, et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. (And a Second Third-Party Action.) [889 NYS2d 563]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 22, 2008, which, to the extent appealed from, denied third-party defendants Marble Unique, LLC and

Hartford Insurance Company of the Midwest's motions for summary judgment dismissing the declaratory judgment action of third-party plaintiffs Concord Restoration, Inc. and Liberty International as subrogee of Concord Restoration, Inc. for indemnification and a declaration of their duty to defend and which, inter alia, granted Concord Restoration, Inc. and Liberty International as subrogee of Concord Restoration, Inc.'s cross motions for summary judgment to the extent of declaring that Hartford had a duty to defend them in the underlying action, unanimously modified, on the law, to declare as well that the aforementioned third-party defendants had no obligation to indemnify, and otherwise affirmed, without costs.

We find that Concord had notice of the Workers' Compensation Board (WCB) hearing and that its workers' compensation carrier appeared and presented testimony therein. As such, Concord was bound by the WCB determination that Hi-Tech, and not Marble, was the underlying plaintiff's employer at the time of the accident (*see Liss v Trans Auto Sys.*, 68 NY2d 15, 21 [1986]). Even without regard to the WCB determination, summary judgment on this issue should have been granted to Marble. The evidence that Hi-Tech was on the work site at the time of the accident and that Marble was not on site, had ceased work months before and did not resume work until months after the accident established movant's entitlement to judgment. Concord presented no evidence to the contrary that would require a trial. However, because the claim against Marble, ultimately unavailing, on its face fell within the ambit of its insurance, Hartford had the duty to defend. As such, summary judgment was properly granted to Concord on that part of its claim (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708 [2007]; *Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663 [1981]). Concur—Andrias, J.P., Sweeny, Nardelli, Catterson and De-Grasse, JJ. [*See* 2008 NY Slip Op 32891(U).]