[967 NE2d 176, 943 NYS2d 798]

In the Matter of PETER E. BISSELL, Appellant, v TOWN OF AM-
HERST et al., Respondents.

Argued February 8, 2012; decided March 27, 2012

**POINTS OF COUNSEL**

*Maxwell Murphy, LLC*, Buffalo (*Alan D. Voos* of counsel), for appellant. I. Workers' Compensation Law § 29 (1) was amended in 1975 to provide for precisely the relief obtained by Mr. Bissell in this case. (*Matter of Kelly v State Ins. Fund*, 60 NY2d 131; *Matter of Merchant v Pinkerton's Inc.*, 50 NY2d 492; *O'Connor v Lee Hy Paving Corp.*, 480 F Supp 716.) II. The future medical benefits which the New York State Insurance Fund has been relieved of paying are in no way speculative. (*Matter of Stenson v New York State Dept. of Transp.*, 84 AD3d 22; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131; *Burns v Varriale*, 34 AD3d 59, 9 NY3d 207; *Wood v Firestone Tire & Rubber Co.*, 123 Misc 2d 812; *Cox v Belmont Iron Works*, 104 Misc 2d 801; *Steitz v Gifford*, 280 NY 15; *Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891; *Matter of Briggs v Kansas City Fire & Mar. Ins. Co.*, 121 AD2d 810; *Becker v Huss Co.*, 43 NY2d 527; *Miszko v Gress*, 4 AD3d 575.) III. Mr. Bissell is entitled to immediate reimbursement of the equitable portion of the carrier's future benefit that he has already paid. (*Smith v Spinoccia*, 119 AD2d 660.) IV. Alternatively, this Court should remit this matter to Supreme Court for recalculation of the Fund's future benefit based upon proof of its claimed actual future medical benefit.

*New York State Insurance Fund*, New York City (*Hal Friedman* and *Gregory P. Allen* of counsel), for New York State Insurance

Fund, respondent. I. The holding by the Appellate Division, Fourth Department, in *Matter of Bissell v Town of Amherst* (79 AD3d 1638 [2010]) is consistent with precedent set by this Court on the issue of equitable apportionment of litigation costs of third-party actions. (*Matter of Granger v Urda*, 44 NY2d 91; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131; *Matter of Briggs v Kansas City Fire & Mar. Ins. Co.*, 121 AD2d 810; *Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891; *Burns v Varriale*, 9 NY3d 207.) II. The jury verdict for future medical costs is not the proper measure of the benefit of New York State Insurance Fund's offset against paying these costs. (*Matter of Kelly v State Ins. Fund*, 60 NY2d 131.) III. New York State Insurance Fund's benefit of being relieved of paying Peter Bissell's future medical expenses is speculative and cannot be reduced to present value for purposes of calculating its additional contribution to litigation costs. (*Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891; *Matter of Kelly v State Ins. Fund*, 60 NY2d 131; *Burns v Varriale*, 9 NY3d 207.) IV. New York State Insurance Fund has no obligation to prove the value of future medical costs. V. New York State Insurance Fund does not have to make its contribution for the benefit of its offset in full because it realizes this benefit over time.

**OPINION OF THE COURT**

Pigott, J.

In *Matter of Kelly v State Ins. Fund*, we held that when a workers' compensation claimant recovers damages in a third-party action, "the compensation carrier's equitable share of litigation costs incurred by the claimant may be apportioned on the basis of the total benefit that the carrier derives from the claimant's recovery" (60 NY2d 131, 135 [1983]). The carrier's "total benefit" is the recoupment of its lien (the sum of past benefits paid the claimant) and relief from future obligations to make benefit payments to the claimant (*id.*). Where a carrier's future benefit "cannot be quantified or reliably predicted," i.e., the future benefit is speculative, it is improper for a court to apportion litigation costs based on that benefit (*Burns v Varriale*, 9 NY3d 207, 215 [2007]).

On this appeal, we are asked to determine whether the future medical benefits that a compensation carrier has been relieved of paying due to a claimant's successful prosecution of a third-party action are "so speculative that it would be improper to estimate and to assess litigation costs against [that] benefit to

the carrier" (*Matter of Kelly*, 60 NY2d at 139). We conclude that they are, and hold that the carrier need only pay its equitable share of attorneys' fees and costs incurred by a claimant once the claimant incurs and pays each medical expense.

I

Peter Bissell sustained injuries in a work-related accident that rendered him a paraplegic. The Workers' Compensation Board concluded that Bissell sustained a permanent total disability and ordered the New York State Insurance Fund (the Fund), the compensation carrier for Bissell's employer, to pay Bissell $400 a month for the duration of his life. Pursuant to Workers' Compensation Law § 29 (1), Bissell commenced a third-party action against the Town of Amherst. As relevant here, the jury awarded Bissell $4,650,000 in damages over 32.7 years to cover future medical expenses.* The trial court reduced that award to its present value of $4,259,536.

The Fund asserted a lien against Bissell's judgment in the amount of $219,760, representing $154,880 in past workers' compensation benefits and $64,880 for past medical expenses. It acknowledged its *Kelly* obligation to contribute towards attorneys' fees relative to the present value of the lost wages compensation benefit given Bissell's permanent total disability designation; however, the Fund refused Bissell's request that it pay that share of attorneys' fees relative to the recovery of the future medical expenses awarded him, offering to pay its share of the cost when Bissell actually incurred each medical expense.

Bissell commenced a proceeding pursuant to section 29 (1) of the Workers' Compensation Law to extinguish the Fund's $219,760 lien against the third-party recovery and demanded $1,399,734 in "fresh money" representing, in part, the Fund's equitable share of the cost of recovery of the $4,259,536 in future medical expenses that the Fund had been relieved of expending for Bissell's future medical care. The Fund countered that it was not bound by a jury's future medical expenses award, and that because it was impossible to reasonably ascertain the "total benefit" the Fund received by virtue of that award, it would reimburse Bissell the agreed-upon 33.5% reimbursement of those expenses only when Bissell actually incurred them.

---

* The jury returned a verdict of $30 million against the Town, but the Appellate Division reduced that amount to $23.4 million, finding that certain of the awards were excessive. It did not alter the jury's award for future medical expenses, holding that the jury's verdict in that respect was supported by the trial evidence (56 AD3d 1144, 1148 [4th Dept 2008]).

Supreme Court entered a judgment granting Bissell's petition in its entirety. The Appellate Division "modif[ied] the judgment by denying those parts of the petition seeking to extinguish [the Fund's] lien and seeking to recover from [the Fund] its share of litigation costs insofar as the benefit received by [the Fund] with respect to forgone future medical payments is included in the calculation of its share of litigation costs," and remitted the proceeding to Supreme Court for a recalculation of the Fund's share of litigation costs (79 AD3d 1638, 1641 [4th Dept 2010]). This Court granted leave to appeal and we now affirm.

## II

There is no question that the Fund received a benefit from the third-party action, i.e., it will be relieved of paying a substantial sum of Bissell's future medical expenses and lost wages (*see* Workers' Compensation Law § 29 [4] [setting forth the carrier's right to credit the claimant's recovery in the third-party action against its obligation to pay additional workers' compensation indemnity and/or medical benefits]). As a result, the Fund must pay its equitable share of the litigation costs expended in obtaining that recovery (*see* Workers' Compensation Law § 29 [1]). At issue, however, is whether the Fund is bound by the jury's future medical expenses award, such that the Fund's 33.5% share of litigation costs can be "quantified or reliably predicted" and, therefore, should be included as part of the *Kelly* calculation. We conclude that the jury verdict for future medical expenses is not the proper barometer by which the Fund's share of litigation costs may be measured.

Relying on our holdings in *Burns* and *Kelly*, Bissell contends that the amount of future medical expenses—having been decided by a jury and upheld by the Appellate Division as being supported by the trial evidence—cannot be deemed speculative since the benefit to the Fund can be "quantified by actuarial or other reliable means" (*Burns*, 9 NY3d at 215; *Matter of Kelly*, 60 NY2d at 139). Therefore, according to Bissell, the present value of the future medical expenses should be included as part of the *Kelly* calculation, entitling him to an immediate payment of the attorneys' fees expended in obtaining that portion of the award. We disagree.

We held in *Burns* that "if a claimant does not receive benefits for death, total disability or schedule loss of use, the carrier's future benefit cannot be quantified by actuarial or other reliable means" (*Burns*, 9 NY3d at 215 [emphasis omitted], citing

*Matter of McKee v Sithe Independence Power Partners*, 281 AD2d 891 [4th Dept 2001] and *Matter of Briggs v Kansas City Fire & Mar. Ins. Co.*, 121 AD2d 810, 812 [3d Dept 1986]). Similarly, future medical expenses—when considered in light of the benefit to the carrier, which is the focus of the *Kelly* analysis—cannot reliably be calculated in a manner similar to any of the three aforementioned classifications because it is impossible to reliably predict the future medical care the claimant will need, when the expenses from such care will accrue and how much it will cost when they do. While some of those items may reasonably be ascertained by a jury in a third-party action, there is a distinction between a nonspeculative future medical expenses award made by a jury and the *benefit* that the carrier receives under the Workers' Compensation Law as a by-product of that award.

In a third-party action, the injured employee will have only one opportunity to obtain a recovery for future medical expenses, and the jury assessing the medical evidence will have the chance to make but one award for such expenses, if any. By contrast, in the workers' compensation context it is possible to wait and see what happens, and to require the carrier to pay its share of litigation costs when that share can be accurately calculated—i.e., when the actual medical expenses that the carrier has been relieved from paying are known. Moreover, whether the claimant is entitled to medical treatment pursuant to the Workers' Compensation Law is a determination that must be made by the Workers' Compensation Board, and such determination is not dependent upon the jury's verdict in the third-party action.

Although the claimant cannot include future medical expenses as part of the *Kelly* calculation, that does not mean that the carrier is relieved of paying its equitable share of the benefit. The trial court has the discretion to "fashion a means of apportioning litigation costs as they accrue and monitoring (e.g., by court order or stipulation of the parties) how the carrier's payments to the claimant are made," thereby ensuring that the carrier's equitable share of litigation costs is based on concrete, realized benefit, while concomitantly ensuring that the claimant will not wait indefinitely for the carrier's payment of its share (*Burns*, 9 NY3d at 217).

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

Order affirmed, with costs.