[3 NE3d 682, 980 NYS2d 345]

MARIA AUQUI, as Guardian of the Property of JOSE VERDUGO, et al., Respondents, v SEVEN THIRTY ONE LIMITED PARTNERSHIP et al., Appellants.

Argued November 12, 2013; decided December 10, 2013

### POINTS OF COUNSEL

*Mauro Lilling Naparty LLP*, Woodbury (*Richard J. Montes* and *Matthew W. Naparty* of counsel), and *Fabiani Cohen & Hall, LLP*, New York City, for appellants. I. This Court should adhere to its February 14, 2013 decision to preclude the plaintiffs from litigating the issue of Jose Verdugo's accident-related disability after January 24, 2006, but correct that portion implying a continuing claim for post-traumatic stress disorder. II. This Court correctly held that collateral estoppel precludes plaintiffs from relitigating the Workers' Compensation Board's factual determination that the plaintiff was no longer disabled after January 24, 2006. (*Ryan v New York Tel. Co.*, 62 NY2d 494; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Matter of Abady*, 22 AD3d

71; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Mahl v Citibank*, 234 AD2d 348; *Matter of Evans v Monaghan*, 306 NY 312; *Liss v Trans Auto Sys.*, 68 NY2d 15; *O'Connor v Midiria*, 55 NY2d 538; *Werner v State of New York*, 53 NY2d 346; *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147.) III. Many of the arguments raised by plaintiffs and their amici in support of reargument are not properly before this Court. (*Hecker v State of New York*, 20 NY3d 1087; *Foley v Roche*, 68 AD2d 558; *People v D'Alessandro*, 13 NY3d 216; *People v Bachert*, 69 NY2d 593; *Matter of City of Buffalo [Cosgrove]*, 57 AD2d 47; *Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272; *Mouradian v Astoria Fed. Sav. & Loan*, 91 NY2d 124; *Parker v Mobil Oil Corp.*, 7 NY3d 434; *Parklane Hosiery Co. v Shore*, 439 US 322; *O'Rourke v Long*, 41 NY2d 219.)

*Law Offices of Annette G. Hasapidis*, South Salem (*Annette G. Hasapidis* of counsel), and *Schwartz Goldstone & Campisi, LLP*, New York City (*Herbert Rodriguez, Jr.*, of counsel), for respondents. I. The collateral estoppel doctrine is inapplicable because there is no identity of issues. (*Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Matter of Winfield v New York Cent. & Hudson Riv. R.R. Co.*, 216 NY 284; *New York Central R. Co. v White*, 243 US 188; *Matter of LaCroix v Syracuse Exec. Air Serv., Inc.*, 8 NY3d 348; *Rubeis v Aqua Club, Inc.*, 3 NY3d 408; *Matter of Marhoffer v Marhoffer*, 220 NY 543; *Matter of Zamora v New York Neurologic Assoc.*, 19 NY3d 186; *Matter of Rubenstein v Pechter Baking Co.*, 224 App Div 324, 249 NY 433; *Matter of Ramroop v Flexo-Craft Print., Inc.*, 11 NY3d 160.) II. The *Auqui* (20 NY3d 1035 [2013]) rule will defeat the very purpose of the workers' compensation scheme, by forcing workers to forgo compensation and to restrict carriers from seeking reimbursement from third-party tortfeasors. (*Matter of Russo v New York City Dept. of Correction*, 9 AD3d 528; *Matter of Marhoffer v Marhoffer*, 220 NY 543.) III. The *Auqui* (20 NY3d 1035 [2013]) ruling abrogates tort law and has the unintended consequence of redistributing losses from the tortfeasor to the injured worker and the employer's carrier. (*Matter of Engel v Calgon Corp.*, 114 AD2d 108; *Barnett v Ives*, 265 AD2d 865.) IV. The collateral estoppel doctrine is inapplicable because there is no finality to a ruling that plaintiff suffers from no further causally-related disability. The Workers' Compensation Board and Workers' Compensation Law Judges have continuing jurisdiction to reopen cases and modify awards when a worker's ability to return to work changes in light of the claimant's medical condition.

(*People v Greenberg*, 21 NY3d 439; *Matter of Carolan v Hoe & Co.*, 225 App Div 393.) V. The collateral estoppel doctrine is inapplicable because plaintiffs were denied a full and fair opportunity to litigate plaintiff's inability to work in light of his severe brain injury when the Workers' Compensation Law Judge denied their physicians' requests for neuropsychiatric testing to prove plaintiff's permanent neuropsychiatric injuries. (*Wunderlich v Hampton Design & Constr. Group*, 5 AD3d 158; *Empire State Shipping Serv., Ltd. v Hanover Ins. Co.*, 89 AD3d 431; *Howard S. v Lillian S.*, 62 AD3d 187, 14 NY3d 431; *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147; *Cunningham v State of New York*, 60 NY2d 248.) VI. The *Auqui* (20 NY3d 1035 [2013]) ruling, as applied in *Casas v Consolidated Edison Co. of N.Y., Inc.* (105 AD3d 471 [1st Dept 2013]), illustrates that the Workers' Compensation Board determination of no further causally-related disability should not be subject to the collateral estoppel doctrine. (*Broida v Bancroft*, 103 AD2d 88.) VII. Defendants' arguments undermine sound public policy and are legally flawed. (*Hinchey v Sellers*, 7 NY2d 287; *Southern Pacific R. Co. v United States*, 168 US 1; *United States v Moser*, 266 US 236; *Friedman v State of New York*, 24 NY2d 528; *American Home Assur. Co. v International Ins. Co.*, 90 NY2d 433.) VIII. Defendants' request for reargument is moot if this Court adopts plaintiffs' position on reargument. Plaintiffs do not dispute defendants position in the event that this Court declines to revisit or disturb its earlier determination.

*New York State Trial Lawyers Association*, New York City (*Robert Danzi* of counsel), for New York State Trial Lawyers Association, amicus curiae. The collateral estoppel doctrine cannot be applied to preclude plaintiffs' proof of proximate cause because whether plaintiff suffered a further causally-related disability presents a question of fact for a jury; accordingly, on reargument, this Court should recall its prior decision and affirm the majority Appellate Division decision. (*Ryan v New York Tel. Co.*, 62 NY2d 494; *B. R. DeWitt, Inc. v Hall*, 19 NY2d 141; *Matter of Juan C. v Cortines*, 89 NY2d 659; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Gilberg v Barbieri*, 53 NY2d 285; *Bansbach v Zinn*, 1 NY3d 1; *Jeffreys v Griffin*, 1 NY3d 34; *Staatsburg Water Co. v Staatsburg Fire Dist.*, 72 NY2d 147; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261.)

*Colleran, O'Hara & Mills L.L.P.*, Garden City (*Edward J. Groarke* and *Jennifer D. Weekley* of counsel), for New York State

AFL-CIO and others, amici curiae. I. Tort recovery rights of New York's injured workers should not be truncated by improper application of the collateral estoppel doctrine to final determinations of the Workers' Compensation Board. (*Akgul v Prime Time Transp.*, 293 AD2d 631; *O'Gorman v Journal News Westchester*, 2 AD3d 815; *Gilberg v Barbieri*, 53 NY2d 285; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Matter of Engel v Calgon Corp.*, 114 AD2d 108, 69 NY2d 753; *Dietrick v Kemper Ins. Co. [American Motorists Ins. Co.]*, 76 NY2d 248.) II. New York's injured workers should not be deprived of their constitutionally protected right to a jury trial on their personal injury claims merely because they participate in the workers' compensation system.

*David M. Schraver*, Albany, for New York State Bar Association, amicus curiae. I. Workers' Compensation Board determinations of further causally-related disability should not have preclusive effect. (*Brugman v City of New York*, 102 AD2d 413; *Werner v State of New York*, 53 NY2d 346; *O'Connor v Midiria*, 55 NY2d 538; *O'Gorman v Journal News Westchester*, 2 AD3d 815; *Akgul v Prime Time Transp.*, 293 AD2d 631; *Matter of Engel v Calgon Corp.*, 114 AD2d 108, 69 NY2d 753; *Jeffreys v Griffin*, 1 NY3d 34; *Matter of Balcerak v County of Nassau*, 94 NY2d 253; *Ott v Barash*, 109 AD2d 254; *Casas v Consolidated Edison Co. of N.Y., Inc.*, 105 AD3d 471.) II. Allowing the *Auqui* decision (20 NY3d 1035 [2013]) to stand as decided would undermine the workers' compensation system. (*Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305; *Shanahan v Monarch Eng'g Co.*, 219 NY 469.)

*Pasternack, Tilker, Ziegler, Walsh, Stanton & Romano LLP*, Brooklyn (*Michael K. Gruber* of counsel), for Workers' Injury Law & Advocacy Group, amicus curiae. I. The "realities of litigation" in a workers' compensation proceeding should preclude the application of collateral estoppel. (*Gilberg v Barbieri*, 53 NY2d 285; *People v Plevy*, 52 NY2d 58.) II. Workers' Compensation Board determinations regarding disability are mixed questions of law and fact which should not be given preclusive effect in subsequent proceedings. (*Matter of Engel v Calgon Corp.*, 114 AD2d 108.) III. Applying collateral estoppel to disability determinations of the Workers' Compensation Board has far-reaching consequences for the rights of injured workers. (*Gilberg v Barbieri*, 53 NY2d 285; *B. R. DeWitt, Inc. v Hall*, 19 NY2d 141; *Casas v Consolidated Edison Co. of N.Y., Inc.*, 105 AD3d 471.)

*McGaw, Alventosa & Zajac*, Jericho (*Andrew Zajac, Dawn C. DeSimone, Brendan T. Fitzpatrick, Seamus G. Flaherty* and *Jonathan T. Uejio* of counsel), and *Brian Rayhill*, Elmsford, for Defense Association of New York, Inc., amicus curiae. I. This Court properly held that the decision of the Workers' Compensation Board was entitled to collateral estoppel effect. (*Ryan v New York Tel. Co.*, 62 NY2d 494; *Academic Health Professionals Ins. Assn. v Lester*, 30 AD3d 328; *Patco Homes v Boyle*, 260 AD2d 455; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449; *Altegra Credit Co. v Tin Chu*, 29 AD3d 718; *Kaufman v Village of Mamaroneck*, 18 AD3d 505; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Bernstein v Birch Wathen School*, 71 AD2d 129, 51 NY2d 932; *O'Gorman v Journal News Westchester*, 2 AD3d 815; *Hughes v Gibson Courier Servs. Corp.*, 218 AD2d 684.) II. Sufficient safeguards exist in proceedings before the Workers' Compensation Board to warrant the application of collateral estoppel. (*Matter of Camperlengo v Barell*, 78 NY2d 674; *Ryan v New York Tel. Co.*, 62 NY2d 494; *Botwinick v Ogden*, 59 NY2d 909; *O'Rourke v Long*, 41 NY2d 219; *Jeffreys v Griffin*, 1 NY3d 34; *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261; *Pommells v Perez*, 4 NY3d 566.)

*Bevan, Mosca, Giuditta & Zarillo, P.C.*, New York City (*Anthony J. Zarillo, Jr.*, of counsel), for Federation of Defense and Corporate Counsel, amicus curiae. Issue preclusion applies to necessary determinations that were actually litigated before the Workers' Compensation Board. (*Brugman v City of New York*, 102 AD2d 413, 64 NY2d 1011; *Wickham Contr. Co., Inc. v Board of Educ. of City of N.Y.*, 715 F2d 21; *United States v Utah Constr. & Mining Co.*, 384 US 394; *Ryan v New York Tel. Co.*, 62 NY2d 494; *Dodd v Hood Riv. County*, 136 F3d 1219, 525 US 923; *Barna v Morgan*, 341 F Supp 2d 164; *EZ Loader Boat Trailers, Inc. v Cox Trailers, Inc.*, 746 F2d 375; *Levich v Liberty Cent. School Dist.*, 361 F Supp 2d 151; *Babineaux v Ford Motor Co.*, 95 F3d 1148.)

*Dennis M. Brown, County Attorney*, Hauppauge (*Christopher A. Jeffreys* of counsel), for County of Suffolk, amicus curiae. The necessary findings of the Workers' Compensation Law Judge and Workers' Compensation Board collaterally estop a workers' compensation claimant from relitigating those necessary findings in a subsequent personal injury action. (*Brugman v City of New York*, 102 AD2d 413; *Ashcraft Excavating Co. v Clark*, 79 AD2d 722; *Hinchey v Sellers*, 7 NY2d 287; *D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Ryan v New*

*York Tel. Co.*, 62 NY2d 494; *Matter of Abady*, 22 AD3d 71; *Rigopolous v American Museum of Natural History*, 297 AD2d 728; *Lee v Jones*, 230 AD2d 435, 91 NY2d 802; *Matter of Maresco v Rozzi*, 162 AD2d 534; *Matter of Engel v Calgon Corp.*, 114 AD2d 108, 69 NY2d 753.)

*McElroy, Deutsch, Mulvaney & Carpenter, LLP*, New York City (*Mark A. Rosen* of counsel), for Real Estate Board of New York and others, amici curiae. I. There was no misapprehension of fact or misapplication of law as this Court applied long-standing and well-established rules regarding the collateral estoppel effect of factual determinations by the Workers' Compensation Board and correctly held that plaintiffs are precluded from relitigating the issue of an ongoing disability. (*Matter of Evans v Monaghan*, 306 NY 312; *University of Tennessee v Elliott*, 478 US 788; *Liss v Trans Auto Sys.*, 68 NY2d 15; *O'Connor v Midiria*, 55 NY2d 538; *Werner v State of New York*, 53 NY2d 346; *Matter of Sillitti v Liberty Travel, Inc.*, 83 AD3d 1169; *Matter of Harrington v Whitford Co.*, 302 AD2d 645.) II. Reversal of this Court's February 14, 2013 decision would be fundamentally unfair and unduly prejudicial to defendants and similarly situated defendants and would likely establish dangerous precedent. (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449.) III. The hypothetical concerns raised by plaintiffs and other amici have no foundation, nor is plaintiffs' motion the appropriate vehicle to address these issues. (*Parklane Hosiery Co. v Shore*, 439 US 322; *Werner v State of New York*, 53 NY2d 346; *Ryan v New York Tel. Co.*, 62 NY2d 494.)

*Andrew Friedman, Center for Popular Democracy*, Brooklyn, amicus curiae. I. The Workers' Compensation Law Judge's determination of plaintiff's disability is a mixed question of law and fact imbued with policy considerations and as such should not be granted preclusive effect in plaintiffs' third-party action. (*Hinchey v Sellers*, 7 NY2d 287; *Matter of Engel v Calgon Corp.*, 114 AD2d 108, 69 NY2d 753; *Matter of Albano v Kirby*, 36 NY2d 526; *Hunter v New York, Ontario & W. R.R. Co.*, 116 NY 615.) II. Allowing Workers' Compensation Board determinations on disability to have preclusive effect will disproportionately impact New York's low-income and immigrant workforce. (*Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305; *Shanahan v Monarch Eng'g Co.*, 219 NY 469.)

*Magdalena Barbosa*, Jackson Heights, for Make the Road New York, amicus curiae. I. This Court's prior holding negates

the very purpose of the Workers' Compensation Law by decreasing the likelihood that injured workers will pursue valid claims. (*Matter of Johannesen v New York City Dept. of Hous. Preserv. & Dev.*, 84 NY2d 129; *Matter of Post v Burger & Gohlke*, 216 NY 544.) II. Determinations of the Workers' Compensation Board addressing the duration of an injured worker's disability should not have preclusive effect because they lack finality. (*Brugman v City of New York*, 102 AD2d 413; *Ott v Barash*, 109 AD2d 254; *Casas v Consolidated Edison Co. of N.Y., Inc.*, 105 AD3d 471, 21 NY3d 999.)

*Advocates for Justice*, New York City (*Arthur Z. Schwartz* of counsel), for The Black Institute, amicus curiae. I. Identity of issues, a necessary condition for the application of collateral estoppel, is lacking. (*Brugman v City of New York*, 102 AD2d 413; *Jeffreys v Griffin*, 1 NY3d 34; *Matter of Balcerak v County of Nassau*, 94 NY2d 253.) II. Collateral estoppel's prerequisite of fairness to the litigants dictates that the doctrine not be applied in this particular case. (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659; *Jeffreys v Griffin*, 301 AD2d 232; *Surace v Danna*, 248 NY 18; *Matter of Post v Burger & Gohlke*, 216 NY 544; *New York Central R. Co. v White*, 243 US 188.)

*Advocates for Justice*, New York City (*Arthur Z. Schwartz* of counsel), for New York Communities for Change, amicus curiae. I. The court erred in applying collateral estoppel because there is no identity of issue between the prior action and present action. (*Matter of Evans v Monaghan*, 306 NY 312; *Brugman v City of New York*, 102 AD2d 413, 64 NY2d 1011; *Matter of Guimarales [New York City Bd. of Educ.—Roberts]*, 68 NY2d 989; *Matter of Balcerak v County of Nassau*, 94 NY2d 253.) II. The court erred in applying collateral estoppel because duration of disability is a mixed question of law and fact. (*Matter of Engel v Calgon Corp.*, 114 AD2d 108, 69 NY2d 753; *Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876; *Matter of Mitchell v New York City Tr. Auth.*, 244 AD2d 723.) III. Allowing Workers' Compensation Board determinations of duration of disability to have preclusive effect will disproportionately impact New York's low-income communities. (*Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305; *Shanahan v Monarch Eng'g Co.*, 219 NY 469.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

The issue presented by this appeal is whether the determination of the Workers' Compensation Board, finding that plaintiff

had no further causally-related disability and no further need for treatment, was entitled to collateral estoppel effect in plaintiff's personal injury action. We find that there is no identity of issue and that collateral estoppel therefore should not be applied.

On December 24, 2003, Jose Verdugo (hereinafter plaintiff)* was injured during the course of his employment as a food delivery person, when he was struck in the head by a sheet of plywood that fell to the sidewalk from a building under construction on Lexington Avenue, near 59th Street in Manhattan. Defendant Seven Thirty One Limited Partnership was the owner of the premises. Defendant Bovis Lend Lease LMB was the construction manager for the project and defendant North Side Structures, Inc. was the concrete superstructure subcontractor. Following the accident, plaintiff began receiving workers' compensation benefits for injuries to his head, neck and back, as well as for post-traumatic stress disorder and depression. He commenced this personal injury action in 2004.

In December 2005, the insurance carrier for plaintiff's employer moved to discontinue plaintiff's workers' compensation benefits and the parties proceeded to a hearing before an administrative law judge (ALJ). Each side was permitted to introduce expert medical testimony, which was subject to cross-examination. The ALJ ultimately found that plaintiff had "no further causally related disability since January 24, 2006."

Plaintiff sought administrative review and, as relevant here, the Workers' Compensation Board Panel affirmed, finding record support for the ALJ's credibility determinations. The Panel agreed that plaintiff had no further causally-related disability and found that he had "no further need for treatment."

Subsequently, in this negligence action, defendants moved for an order estopping plaintiff from "relitigating" the issue of causally-related disability beyond January 24, 2006, arguing that the matter had been finally determined by the Workers' Compensation Board. Supreme Court granted the motion, finding that plaintiff had a full and fair opportunity to address the issue before the Board and precluded him from further litigating that issue.

The Appellate Division reversed, finding that the determination of the Workers' Compensation Board was one of ultimate

---

* The named plaintiffs are Maria Auqui, as guardian of the property of Jose Verdugo, and Maria Verdugo, Jose Verdugo's wife.

fact and thus did not preclude plaintiff from litigating the issue of his ongoing disability (83 AD3d 407 [1st Dept 2011]). Two Justices dissented and would have affirmed. The dissent agreed with Supreme Court that the issue of the duration of plaintiff's disability was the same in both proceedings and that plaintiff had a full and fair opportunity to litigate the issue before the Board. The Appellate Division granted defendants' motion for leave to appeal to this Court, certifying the following question for our review: "[w]as the order of this Court, which reversed the order of the Supreme Court, properly made?" (2011 NY Slip Op 89173[U] [2011].) We affirm and answer the certified question in the affirmative.

The quasi-judicial determinations of administrative agencies are entitled to collateral estoppel effect where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal (*Jeffreys v Griffin*, 1 NY3d 34, 39 [2003]). Whether collateral estoppel should be applied in a particular case turns on " 'general notions of fairness involving a practical inquiry into the realities of the litigation' " (*Jeffreys*, 1 NY3d at 41, quoting *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]). We have also recognized that collateral estoppel, a flexible doctrine, " 'is applied more flexibly' " in the context of the determinations of administrative agencies (*Jeffreys*, 1 NY3d at 40, quoting *Allied Chem. v Niagara Mohawk Power Corp.*, 72 NY2d 271, 276 [1988]). To that end, "among the factors bearing on whether an administrative decision is 'quasi-judicial' are 'whether the procedures used in the administrative proceeding . . . were sufficient both quantitatively and qualitatively, so as to permit confidence that the facts asserted were adequately tested, and that the issue was fully aired' " (*Jeffreys*, 1 NY3d at 40-41, quoting *Allied Chem.*, 72 NY2d at 276-277). It is the party seeking to invoke collateral estoppel who bears the burden of establishing identity of issue (*see Jeffreys*, 1 NY3d at 39).

Here, defendants have failed to meet their burden of establishing that the issue decided in the workers' compensation proceeding was identical to that presented in this negligence action. We have observed that the Workers' Compensation Law "is the State's most general and comprehensive social program, enacted to provide all injured employees with some scheduled compensation and medical expenses, regardless of fault for ordinary and

unqualified employment duties" (*Matter of Balcerak v County of Nassau*, 94 NY2d 253, 259 [1999]). The purpose of awarding such benefits is to provide funds on an expedited basis that will function as a substitute for an injured employee's wages (*see Surace v Danna*, 248 NY 18, 20-21 [1928, Cardozo, Ch. J.] [the Workers' Compensation Law was enacted to save the injured worker "from becoming one of the derelicts of society, a fragment of human wreckage"]). We have observed that the term "disability," as used in the Workers' Compensation Law, "generally refers to inability to work" (*Rubeis v Aqua Club, Inc.*, 3 NY3d 408, 417 [2004]). In addition, the Board uses the term "disability" in order to make classifications according to degree (total or partial) and duration (temporary or permanent) of an employee's injury (*see* Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 15 at 44). The focus of the act, plainly, is on a claimant's ability to perform the duties of his or her employment.

By contrast, a negligence action is much broader in scope. It is intended to make an injured party whole for the enduring consequences of his or her injury—including, as relevant here, lost income and future medical expenses. Necessarily, then, the negligence action is focused on the larger question of the impact of the injury over the course of plaintiff's lifetime. Although there is some degree of overlap between the issues being determined in the two proceedings, based on the scope and focus of each type of action, it cannot be said that the issues are identical.

In a similar vein, we previously found that there was no identity of issue between a Workers' Compensation Board determination that an injury was work-related and an application for enhanced benefits under General Municipal Law § 207-c (*see Balcerak*, 94 NY2d at 258). While recognizing that both types of proceedings required a determination that the injury had been sustained in the course of the claimant's employment, we observed that the purposes behind the two legislative schemes were very different. Workers' compensation benefits are intended to be dispensed regardless of fault, for any injury arising out of and in the course of one's employment (*see Balcerak*, 94 NY2d at 259). Section 207-c benefits, on the other hand, are more expansive, but apply to a narrower class of work-related injury, relative to the performance of law enforcement duties (*see Balcerak*, 94 NY2d at 260). We further noted that separate

bodies were charged with making each type of determination and that "[t]he burdens, procedures and prescribed benefits [were] also significantly distinct" (*Balcerak*, 94 NY2d at 261). Related concerns are reflected here, where the jury is charged with determining the broader question of plaintiff's total loss, as opposed to the Workers' Compensation Board's narrower focus on the employee's ability to work.

In addition, in *Matter of Bissell v Town of Amherst* (18 NY3d 697 [2012]), we recognized certain distinctions between the workers' compensation process and negligence actions, in the context of the carrier's obligation to pay its share of litigation costs.

> "In a third-party action, the injured employee will have only one opportunity to obtain a recovery for future medical expenses, and the jury assessing the medical evidence will have the chance to make but one award for such expenses, if any. By contrast, in the workers' compensation context it is possible to wait and see what happens, and to require the carrier to pay its share of litigation costs when that share can be accurately calculated—i.e., when the actual medical expenses that the carrier has been relieved from paying are known. Moreover, whether the claimant is entitled to medical treatment pursuant to the Workers' Compensation Law is a determination that must be made by the Workers' Compensation Board, and such determination is not dependent upon the jury's verdict in the third-party action" (*Bissell*, 18 NY3d at 702).

Given the realities of these distinct proceedings, the finder of fact in a third-party negligence action, in its attempt to ascertain the extent of plaintiff's total damages, should not be bound by the narrow findings of the Board regarding the duration of plaintiff's injury or his need for further medical care.

Moreover, based on the expedited nature of workers' compensation proceedings, parties may not have the means to litigate the matter beyond the issue presented to the Board (*see e.g. Gilberg v Barbieri*, 53 NY2d 285, 293 [1981]). Notably, here, plaintiff did not obtain neuropsychiatric testing for the workers' compensation hearing, which his physicians had deemed necessary to diagnose his particular type of injury and which he will seek to submit to a jury in the personal injury action.

We stress that this holding should not be read to impair the general rule that the determinations of administrative agencies

are entitled to collateral estoppel effect (*see e.g. ABN AMRO Bank, N.Y. v MBIA Inc.*, 17 NY3d 208, 226 [2011]). That rule is well-settled and should continue to be applied where, unlike here, there is identity of issue between the prior administrative proceeding and the subsequent litigation.

Accordingly, upon reargument, this Court's decision of February 14, 2013 should be vacated, the remittitur recalled, the order appealed from affirmed, with costs, and the certified question answered in the affirmative.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Upon reargument, this Court's decision of February 14, 2013 vacated, the remittitur recalled, the order appealed from affirmed, with costs, and the certified question answered in the affirmative.