# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**105**

**CA 15-01122**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CARNI, AND SCUDDER, JJ.

---

JOSEPH KING, III,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                          MEMORANDUM AND ORDER

MALONE HOME BUILDERS, INC.,
DEFENDANT-RESPONDENT-APPELLANT.

---

WELCH, DONLON & CZARPLES PLLC, CORNING (MICHAEL A. DONLON OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (JAMES W. CUNNINGHAM OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered February 25, 2015. The order, among other things, conditionally granted that part of plaintiff's motion for partial summary judgment with respect to liability under Labor Law § 240 (1).

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting plaintiff's motion in its entirety and dismissing defendant's 12th affirmative defense and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law action seeking damages for injuries he sustained when he fell through an unguarded stairwell opening while performing framing work as part of the construction of a single family residence. Plaintiff moved for partial summary judgment on liability under Labor Law § 240 (1) and dismissal of defendant's 12th affirmative defense, in which defendant asserted that plaintiff was its special employee and thus that workers' compensation benefits were plaintiff's sole remedy. Defendant cross-moved for summary judgment dismissing the complaint based on, inter alia, its 12th affirmative defense. Supreme Court conditionally granted that part of plaintiff's motion with respect to liability under Labor Law § 240 (1), but denied defendant's cross motion and the remainder of plaintiff's motion on the ground that there was an issue of fact whether plaintiff was the special employee of defendant at the time of his fall. Plaintiff appeals and defendant cross-appeals.

On the date of plaintiff's fall, he was employed by John A. Hollands Construction Co. (Hollands) as a framer. Hollands and

defendant had a business relationship whereby Hollands would, from time to time, perform framing work for defendant at defendant's residential construction projects. After his fall at defendant's project, plaintiff filed for workers' compensation benefits. Plaintiff filed a Workers' Compensation Board Form C-3 and identified Hollands as his employer. In turn, Hollands appeared in the workers' compensation case and raised the defense that plaintiff was the special employee of defendant. At a preliminary hearing, the administrative law judge (ALJ) directed that defendant be placed on notice, and the matter was scheduled for defendant's "appearance." Defendant's insurance carrier, on defendant's behalf, filed a "Notice That Right to Compensation is Controverted." Thereafter, the ALJ conducted an evidentiary hearing on the special employee issue. Defendant appeared by a Workers' Compensation Board licensed representative, and the testimony of four witnesses was taken through direct and cross-examination. Those four witnesses are the same witnesses who were identified and/or deposed by counsel in this action. Following the hearing, the ALJ determined that plaintiff remained in the employ of Hollands at all relevant times and that the special employee doctrine was inapplicable. Notably, the ALJ's decision "discharged and removed" defendant from further notice.

In support of that part of his motion seeking to dismiss defendant's 12th affirmative defense, plaintiff contended that defendant was collaterally estopped from asserting that defense based on the prior Workers' Compensation Board determination. We agree with plaintiff that the court erred in determining that collateral estoppel did not apply to the Workers' Compensation Board determination, and we therefore modify the order by granting plaintiff's motion in its entirety.

It is well settled that collateral estoppel is applicable to quasi-judicial determinations of administrative agencies, including the Workers' Compensation Board (see *Auqui v Seven Thirty One Ltd. Partnership*, 22 NY3d 246, 255; *Ryan v New York Tel. Co.*, 62 NY2d 494, 499; *Vitello v Amboy Bus Co.*, 83 AD3d 932, 933). A determination of employment status made by the Workers' Compensation Board can have preclusive effect in a subsequent personal injury action (see *Malmon v East 84th Apt. Corp.*, 67 AD3d 566, 567). A quasi-judicial determination of an administrative agency is entitled to collateral estoppel effect "where the issue a party seeks to preclude in a subsequent civil action is identical to a material issue that was necessarily decided by the administrative tribunal and where there was a full and fair opportunity to litigate before that tribunal" (*Auqui*, 22 NY3d at 255). Here, contrary to defendant's contentions, we conclude that there is an identity of issue that was necessarily decided in the proceedings before the Workers' Compensation Board, and that issue is decisive in the present action. The issue whether defendant was plaintiff's special employer, albeit for the purposes of insurance carrier liability, was the issue directly addressed and resolved by the Workers' Compensation Board (see *Langdon v WEN Mgt. Co.*, 147 AD2d 450, 452). We further conclude that defendant had a full and fair opportunity to contest that issue (see *id.*). Defendant had notice, appeared as a party, served a pleading and fully

participated in the evidentiary hearing while represented by a duly authorized Workers' Compensation Board representative (*see* Workers' Compensation Law § 24-a).  Thus, contrary to defendant's contention, its involvement in the Workers' Compensation Board proceeding was more than passive, and the Board's decision is final and conclusive (*see O'Connor v Midiria*, 55 NY2d 538, 541; *Malmon*, 67 AD3d at 567; *see generally Liss v Trans Auto Sys.*, 68 NY2d 15, 21).

With respect to defendant's cross appeal from the order insofar as it granted that part of plaintiff's motion for partial summary judgment on the issue of liability under Labor Law § 240 (1), plaintiff established that he was injured while working at a building that was under construction, that he fell through an open, unfinished stairwell, and that he was not provided with any safety devices to prevent or break his fall.  In response, defendant failed to raise a triable issue of fact, and we thus conclude that the court properly granted that part of plaintiff's motion (*see Perkins v Loewentheil & Daughters*, 282 AD2d 510, 511; *see generally Zimmer v Chemung County Performing Arts*, 65 NY2d 513, 524, *rearg denied* 65 NY2d 1054).  We reject defendant's contention that plaintiff's conduct was the sole proximate cause of the accident (*see Cody v State of New York*, 52 AD3d 930, 931; *Brandl v Ram Bldrs., Inc*., 7 AD3d 655, 656).

Entered:  March 25, 2016                        Frances E. Cafarell
                                                Clerk of the Court