16-1059-cv
Crown v. Danby Fire Dist.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of January, two thousand seventeen.

PRESENT: REENA RAGGI,
 DENNY CHIN,
 RAYMOND J. LOHIER, JR.,
 *Circuit Judges*.

------------------------------------------------------------------

ADAM CROWN,
 *Plaintiff-Appellant*,

 v.  No. 16-1059-cv

DANBY FIRE DISTRICT, DANBY VOLUNTEER FIRE COMPANY, PAT CAVENEY, RICHARD OLTZ, RALPH BOWLES, WAYNE HOLDEN, MATT COOPER, JOHN GADEN,
 *Defendants-Appellees*,

MARK C. BUTLER,
 *Defendant*.

------------------------------------------------------------------

APPEARING FOR APPELLANT: ROBERT N. ISSEKS, Esq., Middletown, New York.

APPEARING FOR APPELLEE: STEVEN C. SHAHAN, Taddeo & Shahan, LLP, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Frederick J. Scullin, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2016 is AFFIRMED in part and VACATED in part, and this matter is REMANDED for further proceedings.

Plaintiff Adam Crown appeals from an award of summary judgment in favor of defendants on his claim of constructive discharge in retaliation for the exercise of First Amendment rights. Crown argues that the district court erred in (1) denying him summary judgment on liability based on a prior favorable state administrative decision, and (2) granting summary judgment (a) to individual defendants based on qualified immunity, and (b) to municipal defendants in light of *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). We review *de novo* the district court's adverse collateral-estoppel conclusion, *see Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 45 (2d Cir. 2014), and its summary judgment award, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor," *Mitchell v. City of New York*, 841 F.3d 72, 77 (2d Cir. 2016) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part, vacate in part, and remand.

1.     Collateral Estoppel

Crown argues that the district court erred in failing to give collateral-estoppel effect to the New York State Industrial Board of Appeals's ("IBA's") decision that the

2

Danby Fire District's professed reason for preparing disciplinary charges against Crown—his use of a copy of the Fire Chief's signature as authorization to enroll in a training course—was pretextual. Defendants argue that the IBA proceeding did not, in fact, decide the First Amendment retaliation issue presented here, and in any event, that they were not in privity with a party to that proceeding. Agreeing with the latter contention, we need not reach the former.

The preclusive effect in federal court of a state agency decision is a question of state law. *See Matusick v. Erie Cty. Water Auth.*, 757 F.3d at 45. Under New York law, collateral estoppel—also known as issue preclusion—precludes relitigation of an identical issue decided against a party in a prior adjudication, *see ABN AMRO Bank, N.V. v. MBIA Inc.*, 17 N.Y.3d 208, 226, 928 N.Y.S.2d 647, 657 (2011), or against someone in privity with that party, *see Buechel v. Bain*, 97 N.Y.2d 295, 304–05, 740 N.Y.S.2d 252, 257 (2001) (defining "privity" to include "successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and . . . coparties to a prior action," although all "[d]oubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate" (internal quotation marks omitted)). Where privity is established, collateral estoppel applies when the issue raised in the subsequent litigation is "[1] identical to a material issue that was [2] necessarily decided by the [prior] administrative tribunal and [3] where there was a full and fair opportunity to litigate before that tribunal." *Auqui v. Seven Thirty One Ltd. P'ship*, 22 N.Y.3d 246, 255, 980 N.Y.S.2d 345, 348 (2013).

3

We need not decide whether Crown's First Amendment claim here presents the same issue as that before the IBA because that proceeding constituted an appeal from a New York Department of Labor ("DOL") decision summarily dismissing Crown's administrative complaint, *see* N.Y. Labor Law § 27-a(10), which proceeding Crown litigated solely against the Commissioner of Labor, not defendants, *see id.* § 101(1), § 102(2) (establishing IBA review of DOL orders in action against DOL). Defendants were not in "privity" with DOL for purposes of that proceeding because they shared no property interest with DOL, in no way controlled the action, and were not otherwise adequately represented. *See Buechel v. Bain*, 97 N.Y.2d at 304, 740 N.Y.S.2d at 257–58. *But cf. Newsday, Inc. v. Ross*, 80 A.D.2d 1, 7–8, 437 N.Y.S.2d 376, 381 (2d Dep't 1981) (finding privity between private actor and Industrial Commissioner where Commissioner was assignor of plaintiff's wage-supplement claim). Rather, defendants appeared in that proceeding only as witnesses, and while defendants' prior attorney was in *attendance*, the record does not demonstrate that he was permitted to advance argument, call witnesses, or present a defense. Thus, in the absence of an apparent privity relationship or defendants' full and fair opportunity to litigate before the IBA, *see Auqui v. Seven Third One Ltd. P'ship*, 22 N.Y.3d at 255, 980 N.Y.S.2d at 348, and resolving all doubts against imposing preclusion, *see Buechel v. Bain*, 97 N.Y.2d at 305, 740 N.Y.S.2d at 258, we here conclude that the IBA's pretext determination does not foreclose defendants from challenging Crown's First Amendment claim.

Accordingly, we affirm the denial of plaintiff's motion for partial summary judgment.

2.   Qualified Immunity

At the same time, we conclude that, on the record presented, defendants were not entitled to summary judgment on qualified immunity grounds.

"Qualified immunity shields law enforcement officers from § 1983 claims for money damages provided that their conduct does not violate clearly established constitutional rights of which a reasonable person would have been aware."  *Zalaski v. City of Hartford*, 723 F.3d 382, 388 (2d Cir. 2013) (citing *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735 (2011)).   At the summary judgment phase, such a conclusion can be reached only where the facts are undisputed or viewed in the light most favorable to the nonmovant.   *See Ricciuti v. Gyzenis*, 834 F.3d 162, 169 (2d Cir. 2016).

Our precedent has long established that a firefighter's criticisms of a fire department for deficiencies in training, discipline, and morale, *see Janusaitis v. Middlebury Volunteer Fire Dep't*, 607 F.2d 17, 25 (2d Cir. 1979), and for limitations on access to public records, *see Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 58 (2d Cir. 1987), are protected matters of public concern, at least insofar as the criticisms relate to the department generally, rather than to plaintiff specifically, *see Janusaitis v. Middlebury Volunteer Fire Dep't*, 607 F.2d at 25–26 (identifying speech falling within "general protection of the First Amendment," but concluding that plaintiff's conduct evinced concern only with "proving himself right"); *Mulcahey v. Mulrenan*, 328 F. App'x 8, 9 (2d Cir. 2009) (summary order) (identifying no matter of public concern where firefighter complained that *he* lacked sufficient training to serve as battalion chief).   Viewing the facts in the light most favorable to the nonmovant,

5

Crown's speech regarding the District's training protocols and officer safety constituted protected speech. *See Ricciuti v. Gyzenis*, 834 F.3d at 169.

The district court nevertheless concluded that it was objectively reasonable for defendants to think that, despite Crown's protected speech, disciplinary charges were warranted because he (1) used an unauthorized copy of the Fire Chief's signature to enroll in a professional course in violation of N.Y. Gen. Mun. Law § 72-g(1)(a) and (2) was insubordinate in failing to attend a required meeting. Here again, however, the conclusion depends on resolving disputed facts against Crown rather than in his favor. Crown asserts that the Fire Chief *authorized* him both to take any firefighter classes he desired and to make photocopies of his signature for that purpose, a contention further supported by testimony from another firefighter that he was given substantially the same instruction. Further, record evidence suggests that Crown attempted to reschedule the meeting at issue, which, viewed most favorably to him, raises at least a question as to whether defendants in good faith believed his absence to indicate insubordination.

Defendants maintain nonetheless that Crown's disciplinary charges cannot support an inference of First Amendment retaliation because (1) defendants were not aware of Crown's DOL complaint until *after* Crown had already resigned, and (2) Crown's prior training and safety complaints were temporally remote. This court has "'not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action.'" *Littlejohn v. City of New York*, 795 F.3d 297, 319 (2d Cir. 2015) (quoting *Gorman-Bakos v. Cornell Coop. Extension of*

6

*Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001)). Where, as here, prior complaints regarding officer training and safety were nevertheless relevant to Crown's e-mail requests made just one month before the meeting at issue, and only two months before Crown's resignation, we cannot conclude as a matter of law that no inference of causation could arise.

We, of course, express no view as to how disputed facts may be found at trial. We conclude only that when disputed facts are viewed most favorably to Crown, the record does not permit a court to conclude as a matter of law that the individual defendants' challenged actions are shielded by qualified immunity.

3.    Municipal Liability

A municipality is liable under § 1983 if a violation of rights resulted from its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Nagle v. Marron*, 663 F.3d 100, 116 (2d Cir. 2011) (internal quotation marks omitted); *see Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. at 690. When "an official has final authority over significant matters involving the exercise of discretion, the choices he makes represent government policy." *Nagle v. Marron*, 663 F.3d at 116 (internal quotation marks omitted). Accordingly, "municipal liability may be imposed for a single decision by municipal policymakers," and "whether an official had final policymaking authority is a question of state law." *Id.* (alteration omitted).

The district court granted summary judgment on the municipal-liability claims on the ground that Crown proffered no "comparator" firefighters who were treated more

7

favorably than he. Comparator evidence is not necessary where, as here, the conduct of which the plaintiff complains is that of the municipal policymaker himself acting pursuant to his official authority. *See id.* The record here indicates that at a March 23, 2010 board meeting, the Danby Fire District's Board of Fire Commissioners approved the commencement of a disciplinary proceeding against Crown; authorized an attorney, acting as the Fire District's counsel, to prepare a "Notice of Hearing" and "Charges for Removal" against Crown; and later advised Crown that the Board would decline to pursue disciplinary action against him only if he resigned. These actions were official acts by a policymaker, the authority for which was provided by state law, *see* N.Y. Gen. Mun. Law § 209-l (empowering "authorities having control of fire departments of . . . villages and fire districts [to] make regulations governing the removal of volunteer officers and volunteer members of such departments and the companies thereof"). Accordingly, we vacate the grant of summary judgment to municipal defendants, the Danby Fire District and Danby Volunteer Fire Company.

4.    Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED in part and VACATED in part, and this matter is REMANDED for further proceedings before the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8